UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01 - 0266

CIV - HUCK
MAGISTRATE JUDGE
BROWN

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USSERY MOTORS INC.; TOYOTA OF HOMESTEAD INC.; AVANTI POWERBOATS INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; AND JOE TODISCO,

Defendants.
_________________________________/

**NOTICE OF AND PETITION FOR REMOVAL**

Defendants City of Coral Gables, City of Coral Gables Police Department, Detective Corey Park, Bill Ussery Motors Inc., Toyota of Homestead, Inc., and Mercedes-Benz Credit Corp. ("Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this pending civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1. On or about June 1, 2000, Plaintiff Alejandro Correa filed a complaint against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, entitled Alejandro Correa v. Mercedes-Benz Credit Corporation; Mercedes-Benz of North America Inc.; Bill Ussery Motors Inc.; Toyota of Homestead Inc.; Avanti Powerboats Inc.; The City of Coral Gables; Coral Gables Police Department; Francisco Avila; Joe Carrillo; Robert Duarte; Arturo Hernandez; Detective Corey Park, CGPD; Jorge Rodriguez; Reynaldo Rodriguez; Ricardo Rodriguez; Luis Sotero; Bill Shepherd; and Joe Todisco, Case No. 00-13748-CA-22. A true and correct copy of all documents that were filed in the Circuit Court Action are attached hereto as Composite Exhibit A. No other process, pleadings or orders have been served upon Defendants in this action.

2. Plaintiff served the Complaint on Defendants Coral Gables, Coral Gables Police Department, and Bill Ussery on December 20, 2000. Plaintiff served the Complaint on Defendant Detective Corey Park on December 27, 2000. Plaintiff served the Complaint on Defendant Mercedes-Benz Credit Corporation on December 29, 2000. Plaintiff served the Complaint on Defendant Toyota of Homestead, Inc. on January 3, 2001. Such service constituted Defendants' first legal notice of the Circuit Court Action for purposes of removal.

3. To the best of Defendants' knowledge, none of the other named Defendants has been served with the Complaint. The docket sheet for the state court case does not reflect a return of service with respect to any of the other named Defendants. Nor has an appearance been made on behalf of any the other named Defendants. As a result, it is unnecessary and currently impossible to obtain consent to this Notice from the other named Defendants.

4. The Complaint alleges four causes of action: (1) violation of civil rights under 42 U.S.C. §1983; (2) conspiracy to violate civil rights under 42 U.S.C. §1983; (3) false imprisonment; and (4) defamation per se, slander, and libel.

5. The United States district courts, as stated in 28 U.S.C. §1331, have original jurisdiction over all actions arising under the Constitution, laws, or treaties of the United States.

6. By virtue of the 42 U.S.C. §1983 claims, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331.

7. This Notice of and Petition for Removal is timely filed within thirty (30) days after Defendants first received notice of the Complaint, as prescribed in 28 U.S.C. §1446(b).

8. As required by 28 U.S.C. §1446(d), Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Eleventh Judicial Circuit in and for Miami Dade County.

9. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

10. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them, including, but not limited to failure to state a claim.

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court, Southern District of Florida.

Respectfully submitted,

Attorneys for City of Coral Gables and Detective Corey Park

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Tel: 305- 374-5600
Fax: 305-374-5095
Email: mfertig@akerman.com
Email: jlcohen@akerman.com

By: Jennifer L. Cohen
Michael Fertig
Florida Bar No. 358754
Jennifer L. Cohen
Florida Bar No. 0123145

Attorneys for Mercedes-Benz Credit Corp.

**ELK, BANKIER & CHRISTU**
4800 North Federal Hwy., Ste. 200E
Boca Raton, Florida 33431
Tel: 561-368-8800
Fax: 561-394-3699

By: See following pages
Erik Christu
Florida Bar No. 434647
Devon Coughlan
Florida Bar No. 0015776

Attorneys for Bill Ussery Motors, Inc.

**JOSEPHS, JACK & GAEBE, P.A.**
P.O. Box 330519
Miami, Florida 33233-0519
Tel: 305-445-3800
Fax: 305-448-5800

By: See following pages
Lewis N. Jack, Jr.
Florida Bar No. 162756

M1605418;1

Respectfully submitted,

Attorneys for City of Coral Gables and Detective Corey Park

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Tel: 305-374-5600
Fax: 305-374-5095
Email: mfertig@akerman.com
Email: jlcohen@akerman.com

By: [signature]
Michael Fertig
Florida Bar No. 358754
Jennifer L. Cohen
Florida Bar No. 0123145

Attorneys for Mercedes-Benz Credit Corp.

**ELK, BANKIER & CHRISTU**
4800 North Federal Hwy., Ste. 200E
Boca Raton, Florida 33431
Tel: 561-368-8800
Fax: 561-394-3699

By: [signature]
Erik Christu
Florida Bar No. 434647
Devon Coughlan
Florida Bar No. 0015776

Attorneys for Bill Ussery Motors, Inc.

**JOSEPHS, JACK & GAEBE, P.A.**
P.O. Box 330519
Miami, Florida 33233-0519
Tel: 305-445-3800
Fax: 305-448-5800

By:________________________
Lewis N. Jack, Jr.
Florida Bar No. 162756

MI605418.1

Respectfully submitted,

Attorneys for City of Coral Gables and Detective Corey Park

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Tel: 305- 374-5600
Fax: 305-374-5095
Email: mfertig@akerman.com
Email: jlcohen@akerman.com

By: Jennifer L. Cohen
Michael Fertig
Florida Bar No. 358754
Jennifer L. Cohen
Florida Bar No. 0123145

Attorneys for Mercedes-Benz Credit Corp.

**ELK, BANKIER & CHRISTU**
4800 North Federal Hwy., Ste. 200E
Boca Raton, Florida 33431
Tel: 561-368-8800
Fax: 561-394-3699

By:________________________
Erik Christu
Florida Bar No. 434647
Devon Coughlan
Florida Bar No. 0015776

Attorneys for Bill Ussery Motors, Inc.

**JOSEPHS, JACK & GAEBE, P.A.**
P.O. Box 330519
Miami, Florida 33233-0519
Tel: 305-445-3800
Fax: 305-448-5800

By: ________________________
Lewis N. Jack, Jr.
Florida Bar No. 162756

MI605418.1

Attorneys for Toyota of Homestead, Inc.

**NILES DOBBINS MEEKS RALEIGH & DOVER**
P.O. Box 11799
Fort Lauderdale, Florida 33339-1799
Tel: 954-565-2200
Fax: 954-565-2233

By: ____________________
Harry Raleigh
Florida Bar No. 164581



TOTAL P.01

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19 day of January, 2001 to: **Chris Livingston, Esq.,** Parker & Livingston, 200 W. Main Street, P.O. Box 1089, Clinton, North Carolina, 28329-1089; **Rhonda A. Anderson, Esq.**, Rhonda A. Anderson, P.A., 2222 Ponce de Leon Blvd., Ste. 500, Coral Gables, Florida 33134; **Erik Christu, Esq. and Devon Coughlan, Esq.**, Elk, Bankier & Christu, 4800 No. Federal Highway, Ste. 200E, Boca Raton, Florida 33431; **Lewis Jack, Esq.**, Josephs Jack & Gaebe, P.A., P.O. Box 330519, Miami, Florida 33233-0519, and **Harry Raleigh, Esq.**, Niles, Dobbins, Meeks, Raleigh & Dover, P.O. Box 11799, Fort Lauderdale, Florida 33339-1799.

By: Jennifer L. Coker
Attorney

**VERIFICATION AND STATEMENT**
**PURSUANT TO FED. R. CIV. P. 11**

STATE OF FLORIDA )
)ss
COUNTY OF DADE )

Michael Fertig, being duly sworn, deposes and says: I am a member of the firm of Akerman, Senterfitt & Eidson, P.A., attorneys for Coral Gables, Coral Gables Police Department, and Detective Corey Park. I have prepared and read the foregoing Notice and Petition for Removal and know the contents, and the same is true to my own knowledge. The sources of my information as to the matters in the foregoing Notice and Petition for Removal are the documents annexed to the Notice as exhibits, the allegations contained in the complaint, and communications of my office with counsel for the other removing Defendants.

Michael Fertig, Esq.

STATE OF FLORIDA )
) ss:
COUNTY OF DADE )

The foregoing instrument was acknowledged before me this 19th day of January, 2001, by Michael Fertig, who is personally known to me or who has produced __________ (type of identification) as identification.

Diane L. Lawrence
NOTARY PUBLIC, STATE OF FLORIDA

DIANE L. LAWRENCE
MY COMMISSION # [illegible]946949
EXPIRES [illegible] 2004
Bonded Thru Notary Public Underwriters

(Print, Type or Stamp Commissioned Name of Notary Public)

**Exhibits**

**ALEJANDRO CORREA**
**vs.**
**MERCEDES-BENZ CREDIT CORPORATION, CITY OF CORAL GABLES, CORAL GABLES POLICE DEPT., DET. COREY PARK, et al.**

**Case No. 00-13748 CA 22, 11th J.C., Dade County, FL**

| TAB | DATE | DOCUMENT |
|---|---|---|
| 1. | 06/01/00 | Complaint and Civil Cover Sheet |
| 2. | 09/28/00 | Notice of Appearance as Counsel for Plaintiff |
| 3. | 09//28/00 | Ex-Parte Motion for Extension of Time for Reasonable Time to Complete Process |
| 4. | 10/05/00 | Order Granting Ex-Parte Motion |
| 5. | 12/1/00 | Second Ex-Parte Motion for Extension of Time for Reasonable Time to Complete Process |
| 6. | 12/12/00 | Order Granting Second Ex-Parte Motion |
| 7. | 12/19/00 | Civil Action Summons (Served on Mayor 12/20/00) |
| 8. | 12/19/00 | Civil Action Summons and Complaint (Served on Det. Corey Park 12/27/00) |
| 9. | 1/9/01 | Defendant City of Coral Gables' and Coral Gables Police Department's Motion to Dismiss Complaint |
| 10. | 1/9/01 | Defendant Bill Ussery Motors, Inc.'s Motion to Dismiss Complaint |
| 11. | 1/17/01 | Defendant Detective Corey Park's Motion to Dismiss Complaint |
| 12. | 1/17/01 | Defendand Bill Ussery Motors Inc.'s Request for Production to Plaintiff |
| 13. | 1/17/01 | Defendand Bill Ussery Motors Inc.'s Certificate of Service that Interrogatories Have Been Served R.C.P. 1.340 |

MI605824;1

ATTACHMENT / EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NUMBER: 00-13748 CA 24

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION,
et al.,

Defendants.

_______________________________________/

**DEFENDANT USSERY MOTORS' CERTIFICATE OF SERVICE THAT INTERROGATORIES HAVE BEEN SERVED R.C.P. 1.340**

| | |
|---|---|
| DATE OF SERVICE: | January 17, 2001 |
| NUMBER OF INTERROGATORIES: | Seventeen [17] |
| NAME OF PARTY TO WHOM DIRECTED: | ALEJANDRO CORREA |

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2001, to all counsel of record on the attached service list.

JOSEPHS, JACK & GAEBE, P.A.
Attorneys for Defendants USSERY
Post Office Box 330519
Miami, FL 33233-0519
(305) 445-3800 / Fax: (305) 448-5800

By:_______________________
LEWIS N. JACK, JR.
Florida Bar Number 162756

35
2-21-01
NL
1.0

ATTACHMENT / EXHIBIT 13

# SERVICE LIST

Chris Livingston, Esquire
1525 NE 125 Street - Suite 208
North Miami, FL 33161
(305) 981-0500
Attorneys for Plaintiff

Rhonda A. Anderson, Esquire
RHONDA A. ANDERSON, P.A.
2222 Ponce de Leon Boulevard - Suite 500
Coral Gables, FL 33134
(305) 444-1400 / Fax: (305) 444-1487
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NUMBER: 00-13748 CA 24

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION,
et al.,

Defendants.

/

**DEFENDANT USSERY MOTORS' INTERROGATORIES TO PLAINTIFF**

Defendant, BILL USSERY MOTORS, INC., by and through undersigned counsel, in accordance with the applicable Florida Rules of Civil Procedure, propounds the Interrogatories attached hereto and made a part hereof to the Plaintiff, ALEJANDRO CORREA, to be answered by him, in writing, under oath, and within the time prescribed by said Rule.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2001, to all counsel of record on the attached service list.

JOSEPHS, JACK & GAEBE, P.A.
Attorneys for Defendants USSERY
Post Office Box 330519
Miami, FL 33233-0519
(305) 445-3800 / Fax: (305) 448-5800

By:________________________
LEWIS N. JACK, JR.
Florida Bar Number 162756

35 2-21-01
M

# SERVICE LIST

Chris Livingston, Esquire
1525 NE 125 Street - Suite 208
North Miami, FL 33161
(305) 981-0500
Attorneys for Plaintiff

Rhonda A. Anderson, Esquire
RHONDA A. ANDERSON, P.A.
2222 Ponce de Leon Boulevard - Suite 500
Coral Gables, FL 33134
(305) 444-1400 / Fax: (305) 444-1487
Attorneys for Plaintiff

**GENERAL INTERROGATORIES TO PLAINTIFF**

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated).

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you and the deceased have worked in the past 10 years.

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you have ever been married, the name of your spouse or spouses.

4. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

5. Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

6. Describe in detail each act or omission on the part of any party to this lawsuit that you contend that was a contributing legal cause of the incident in question.

7. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

8. Describe each loss for which you are claiming damages in this case.

9. List each item of expense or damage, other than loss of income or earning capacity, that you claim as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

10. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

11. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

12. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

13. Have you heard or do you know about any statement or remark made by or on your behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

14. State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

15. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness

is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

16. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

17. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**PLEASE READ CAREFULLY BEFORE SIGNING**

STATE OF FLORIDA )
) ss
COUNTY OF )

BEFORE ME, the undersigned authority, personally appeared ALEJANDRO CORREA who, after being duly cautioned and sworn, deposes and says that he has read the above Answers to Interrogatories attached hereto and that he has set his hand and seal thereto for the purposes therein expressed.

______________________
ALEJANDRO CORREA

The foregoing instrument is acknowledged before me this ____ day of ______________, 2001, by ALEJANDRO CORREA who is:

1. _____ Personally known to me.
2. _____ Who has produced the following as identification:

______________________________

Given under my hand and official seal this _____ day of ________________ 2001.

______________________
Printed Name: ______________

My Commission Expires:

Notary Public
State of Florida at Large
Notary I.D. Number:



JOSEPHS, JACK & GAEBE, P.A. · POST OFFICE BOX 3305 19 MIAMI, FLORIDA 33233-0519 (305) 445-3800

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NUMBER: 00-13748 CA 24

ALEJANDRO CORREA,

Plaintiff,

vs.

**REQUEST FOR PRODUCTION TO PLAINTIFF CORREA**

MERCEDES-BENZ CREDIT CORPORATION, et al.,

Defendants.
_______________________________________/

The Defendant, BILL USSERY MOTORS, INC., hereby requests the Plaintiff, **ALEJANDRO CORREA**, to produce for inspection and/or copying, at the offices of the undersigned attorney, within thirty (30) days, in accordance with the Florida Rules of Civil Procedure, Rule 1.350, the following:

1. Any and all statements taken of the Defendant(s), written, recorded, taped or otherwise, pertaining to the subject incident.

2. Any and all policies of insurance inuring to the benefit of the Plaintiff, under the terms of which Plaintiff has recovered or may recover any losses allegedly sustained as a result of the subject incident.

3. Any and all court transcripts involving the subject matter of the instant litigation.

4. Any and all releases, covenants not to sue, Mary Carter or Mary Carter-type agreements to withhold execution and/or execute against one Defendant first entered into between the Plaintiff and any other Defendant, person, individual, insurance company, firm or corporation, who you contend may be responsible for the subject incident.

5. All documents and items specified in your Answers to Interrogatories, as coming within Rule 1.340(c) of the Florida Rules of Civil Procedure, exercising the option to produce records in lieu of compilation or summary based on said records and reports.



ATTACHMENT / EXHIBIT 12

6. Copies of any and all reports written and/or prepared by experts.

7. Any and all documentation of any nature, form or type, which you contend supports any of the claims brought in this lawsuit against BILL USSERY MOTORS, INC., JOE TODISCO and/or REYNALDO RODRIGUEZ.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2001, to all counsel of record on the attached service list.

JOSEPHS, JACK & GAEBE, P.A.
Attorneys for Defendants USSERY
Post Office Box 330519
Miami, FL 33233-0519
(305) 445-3800 / Fax: (305) 448-5800

By:______________________
LEWIS N. JACK, JR.
Florida Bar Number 162756

# SERVICE LIST

Chris Livingston, Esquire
1525 NE 125 Street - Suite 208
North Miami, FL 33161
(305) 981-0500
Attorneys for Plaintiff

Rhonda A. Anderson, Esquire
RHONDA A. ANDERSON, P.A.
2222 Ponce de Leon Boulevard - Suite 500
Coral Gables, FL 33134
(305) 444-1400 / Fax: (305) 444-1487
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-13748-CA 22

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USERY MOTORS INC.; TOYOTA OF HOMESTEAD INC.; AVANTI POWERBOATS INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; AND JOE TODISCO,

Defendants.

______________________________/

THE ORIGINAL FILED
ON JAN 17 2001
IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

**DEFENDANT DETECTIVE COREY PARK'S**
**MOTION TO DISMISS COMPLAINT**

Defendant Detective Corey Park ("Park"), by and through his undersigned counsel, hereby files his motion to dismiss Plaintiff's Complaint. In support thereof, Park states as follows:

1. On December 27, 2000, Plaintiff served his four count Complaint on Park alleging: (1) violation of civil rights pursuant to 42 U.S.C. §1983; (2) conspiracy to violate civil rights



ATTACHMENT / EXHIBIT 11

pursuant to 42 U.S.C. §1983; (3) false imprisonment; and (4) defamation per se, slander, and libel.[1] Although it is not entirely clear on the face of the Complaint, it appears that Plaintiff is claiming that he was arrested for crimes he allegedly did not commit. It also seems that Plaintiff is claiming that Defendants knew that they were arresting the wrong individual when they arrested Plaintiff.

2. As a threshold matter, one of the fundamental problems with Plaintiff's Complaint is that it completely fails to conform with the pleading requirements set forth in Fla. R. Civ. P. 1.110. The Complaint, drafted in a confusing and nonsensical manner, contains conclusory allegations and lacks ultimate facts showing that Plaintiff is entitled to relief. See Fla. R. Civ. P. 1.110(b). Another deficiency with the Complaint is that it includes passing reference to various individuals without first identifying the individuals, thus making it difficult to discern how the individuals relate to the various allegations. For example, without prior introduction, in paragraph 27, the Complaint alleges that "Park" conducted a criminal investigation. However, it is not until paragraph 38 that Park is identified as a detective in the Coral Gables police department. The Complaint is replete with other such deficiencies. Finally, the counts themselves do not comply with Fla. R. Civ. P. 1.110. The counts, which are vague, conclusory paragraphs, are not made in separate numbered paragraphs and are not limited to a statement of a single set of circumstances as required by Fla. R. Civ. P. 1.110(f). Notwithstanding the confusing nature of the Complaint and viewing all allegations in the light most favorable to Plaintiff, the Complaint fails to state a single cause of action.

3. In Count I, Plaintiff alleges that all of the Defendants acting under color of state law deprived him of his "constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law" in violation of 42 U.S.C. §1983. Count I,

---

[1]Plaintiff merged these three separate causes of action into a single count.

however, fails to state a cause of action under §1983 because it is not supported by ultimate facts. The Complaint fails to allege any facts as to how Plaintiff was allegedly subjected to cruel and unusual punishment, much less any punishment whatsoever. Nor does the Complaint allege how Plaintiff was deprived of his liberty without due process of law. As such, this Court should dismiss Count I for failure to state a cause of action.

4. In addition, Count I should also be dismissed because Park, in his individual capacity, is entitled to qualified immunity from suit.[2] Qualified immunity protects from civil suit government officials performing discretionary functions insofar as their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982); see also Courson v. McMillian, 939 F.2d 1479, 1486 (11th Cir. 1991). Because qualified immunity protects an individual from incurring the resources and expenses involved in defending a lawsuit, a district court should resolve the immunity issue prior to discovery. In order to defeat Park's entitlement to qualified immunity, Plaintiff must show, but has not, that Park violated clearly established law by arresting Plaintiff. Moreover, Plaintiff has failed to allege in any respect that a reasonable official could have believed that arresting Plaintiff under the circumstances was violative of any specific constitutional right. Accordingly, this Court should dismiss Count I because Park is entitled to qualified immunity.

5. In Count II, Plaintiff alleges that Defendants conspired to "willfully and wantonly" deprive Plaintiff of his constitutional rights to be free of cruel and unusual punishment." Plaintiff also claims that Defendants conspired to deprive Plaintiff of his liberty without due process of law.

---

[2]Count I should also be dismissed with respect to Park in his official capacity pursuant to Kentucky v. Graham, 473 U.S. 159 (1985), which holds that there is no longer a need to bring official capacity actions against government officials because local governments can be sued directly for damages and injunctive or declaratory relief.

First, Count II, as with Count I, fails to state a cause of action because it is not supported by any ultimate facts showing that Plaintiff is entitled to relief. Indeed, Count II does not come close to the level of particularity required to plead conspiracy under §1983. For these reasons alone, this Court should dismiss Count II.

6. Moreover, even if Count II was pled with the requisite level of particularity, which it is not, it still fails to state a cause of action because the City cannot conspire with itself. At most, the Complaint alleges that Park, a City detective, conspired with the City to deprive Plaintiff of his civil rights. However, Park, as an employee of the City, cannot conspire with the City. As such, Count II fails to state a cause of action and should therefore be dismissed.

7. Finally, Count II should be dismissed with respect to Park in his individual capacity[3] because he is entitled to qualified immunity, as discussed above. In sum, the Complaint fails to allege that Park violated clearly established law by arresting Plaintiff. As such, Park should not be stripped of his entitlement to qualified immunity.

8. In Count III, Plaintiff alleges that the Defendants falsely imprisoned him. In order to allege a cause of action for false imprisonment, Plaintiff must allege: (1) an unlawful detention and deprivation of liberty against a person's will; (2) that the detention was unreasonable and not warranted by the circumstances; and (3) that the detention was intentional. The sum of Plaintiff's claim for false imprisonment is simply his conclusion that he was imprisoned falsely. This circular, empty statement falls far short of stating a cause of action for false imprisonment. Plaintiff has failed to plead ultimate facts showing that he is entitled to relief. Nowhere in the Complaint are there any allegations as to when and for how long he was imprisoned, what role, if any, Park played

---

[3]As discussed above, Plaintiff cannot maintain this action against Park in his official capacity. See supra n. 2.

in imprisoning him,[4] or that the detention was unreasonable under the circumstances. As such, this Court should dismiss Count III.

9. In Count IV, Plaintiff merges three separate causes of action: (1) defamation per se; (2) slander; and (3) libel. Plaintiff has failed to state a cause of action under any of these distinct claims. Even if these three counts were separated into the respective counts, Plaintiff has failed to state a claim under any of the three causes of action. As with the rest of the Counts, Plaintiff has not plead ultimate facts showing that he is entitled to relief. Moreover, the Complaint is devoid of allegations that Park published any defamatory, slanderous, or libelous statement regarding Plaintiff. Accordingly, this Court should dismiss Count IV.

WHEREFORE Defendant Park respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Defendants
SunTrust International Center
One Southeast Third Avenue - 28th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax No.: (305) 374-5095
Email: mfertig@akerman.com
Email: jlcohen@akerman.com

By: ______________________________
**MICHAEL FERTIG**
Florida Bar No. 358754
**JENNIFER L. COHEN**
Florida Bar No. 123145

---

[4]At most, the Complaint alleges that "Park arrested Correa without probable cause . . . ." See Complaint at ¶43.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2001 to: **Chris Livingston, Esq.,** 1525 NE 125 Street, Ste. 208, North Miami Florida 33161; **Rhonda A. Anderson, Esq.,** Rhonda A. Anderson, P.A., 2222 Ponce de Leon Blvd., Ste. 500, Coral Gables, Florida 33134; and **Toyota of Homestead, Inc.** 29330 South Dixie Highway, Miami, Florida.

By:__________________________
Attorney

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NUMBER: 00-13748 CA 24

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION, MERCEDES-BENZ OF NORTH AMERICA, INC., BILL USSERY MOTORS, INC., TOYOTA OF HOMESTEAD, INC., AVANTI POWERBOATS, INC., ALL COUNTY RESEARCH & RECOVERY, INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; and JOE TODISCO,

Defendants.

_______________________________________/

**DEFENDANT BILL USSERY MOTORS, INC.'s**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, BILL USSERY MOTORS, INC., by and through undersigned counsel, and for response to Plaintiff's Complaint this Defendant says as follows:

1. The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. The Plaintiff's Complaint improperly fails to set forth separate and distinct



ATTACHMENT / EXHIBIT 10

Counts setting forth separate and distinct causes of action against each Defendant. Instead, Plaintiff has improperly grouped all Defendants into each Count.

3. The Plaintiff's Complaint is vague and ambiguous to the extent that this Defendant cannot respond in any meaningful fashion. For example, there are three separate individuals with the last name "Rodriguez" named as Defendants in the style of the case. Paragraph 12 refers to one of these Defendants only by his last name, without properly identifying him. This same deficiency occurs elsewhere in the Plaintiff's Complaint.

4. Nowhere in the Complaint does Plaintiff set forth any allegations containing any facts or legal theory upon which the cause of action against BILL USSERY MOTORS, INC., is predicated.

5. There are no allegations contained in the Plaintiff's Complaint that would in any way support a cause of action against BILL USSERY MOTORS, INC., for Count I (Violation of Civil Rights), Count II (Conspiracy to Violate Civil Rights) or Count III (False Imprisonment).

6. In Plaintiff's "Demand for Judgment", the "wherefore" clause, Plaintiff seeks recovery of punitive damages. The Plaintiff's Complaint is first of all totally void of any allegations against this Defendant which would state a cause of action for punitive damages. Furthermore, Plaintiff's claim for punitive damages should be dismissed based upon the terms and provisions set forth in Florida Statute §768.72 which states in pertinent

part "in any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."

WHEREFORE, for the reasons set forth herein above, this Defendant respectfully requests that this Court move to dismiss the Plaintiff's Complaint in its entirety.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of January, 2001, to all counsel of record on the attached service list, and faxed to Rhonda A. Anderson, Esquire, Rhonda A. Anderson, P.A., 2222 Ponce de Leon Boulevard, Suite 500, Coral Gables, FL 33134.

JOSEPHS, JACK & GAEBE, P.A.
Attorneys for Defendants USSERY
Post Office Box 330519
Miami, FL 33233-0519
(305) 445-3800 / Fax: (305) 448-5800

By:____________________
LEWIS N. JACK, JR.
Florida Bar Number 162756

# SERVICE LIST

Chris Livingston, Esquire
1525 NE 125 Street - Suite 208
North Miami, FL 33161
(305) 981-0500
Attorneys for Plaintiff

Rhonda A. Anderson, Esquire
RHONDA A. ANDERSON, P.A.
2222 Ponce de Leon Boulevard - Suite 500
Coral Gables, FL 33134
(305) 444-1400 / Fax: (305) 444-1487
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-13748-CA 22

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USERY MOTORS INC.; TOYOTA OF HOMESTEAD INC.; AVANTI POWERBOATS INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; AND JOE TODISCO.

Defendants.

_______________________________/

THE ORIGINAL FILED
ON JAN 9 - 2001
IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

**DEFENDANT CITY OF CORAL GABLES' AND CORAL GABLES POLICE DEPARTMENT'S MOTION TO DISMISS COMPLAINT**

Defendants City of Coral Gables ("the City") and City of Coral Gables Police Department ("Police Department"), by and through their undersigned counsel, hereby file their motion to dismiss Plaintiff's Complaint. In support thereof, the City and Police Department state as follows:

MI601072.1

ATTACHMENT / EXHIBIT 9

1. On December 20, 2000, Plaintiff served his four count Complaint on the City and the Police Department alleging: (1) violation of civil rights pursuant to 42 U.S.C. §1983; (2) conspiracy to violate civil rights pursuant to 42 U.S.C. §1983; (3) false imprisonment; and (4) defamation per se, slander, and libel.[1] Although it is not entirely clear on the face of the Complaint, it appears that Plaintiff is claiming that he was arrested for crimes he allegedly did not commit. It also seems that Plaintiff is claiming that Defendants knew that they were arresting the wrong individual when they arrested Plaintiff.

2. One of the fundamental problems with Plaintiff's Complaint is that it completely fails to conform with the pleading requirements set forth in Fla. R. Civ. P. 1.110. The Complaint, drafted in a confusing and nonsensical manner, contains conclusory allegations and lacks ultimate facts showing that Plaintiff is entitled to relief. See Fla. R. Civ. P. 1.110(b). Another deficiency with the Complaint is that it includes passing reference to various individuals without first identifying the individuals, thus making it difficult to discern how the individuals relate to the various allegations. For example, without prior introduction, in paragraph 27, the Complaint alleges that "Park" conducted a criminal investigation. However, it is not until paragraph 38 that Park is identified as a detective in the Coral Gables police department. The Complaint is replete with other such deficiencies. Finally, the counts themselves do not comply with Fla. R. Civ. P. 1.110. The counts, which are vague, conclusory paragraphs, are not made in separate numbered paragraphs and are not limited to a statement of a single set of circumstances as required by Fla. R. Civ. P. 1.110(f). Notwithstanding the confusing nature of the Complaint and viewing all allegations in the light most favorable to Plaintiff, the Complaint fails to state a single cause of action.

---

[1]Plaintiff merged these three separate causes of action into a single count.

3. At the outset, the Complaint must be dismissed with respect to the Police Department. It is well established that a police department is not a legal entity and therefore is not subject to suit. As such, this Court should dismiss the Police Department from this action.

4. With respect to the City, in Count I, Plaintiff alleges that all of the Defendants acting under color of state law deprived him of his "constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law" in violation of 42 U.S.C. §1983. Count I, however, fails to state a cause of action under §1983 because it is not supported by ultimate facts. The Complaint fails to allege any facts as to how Plaintiff was allegedly subjected to cruel and unusual punishment, much less any punishment whatsoever. Nor does the Complaint allege how Plaintiff was deprived of his liberty without due process of law. Finally, other than mere boilerplate language, Plaintiff has not alleged any facts demonstrating that the City had a custom or policy of depriving individuals of their constitutional rights. As such, this Court should dismiss Count I for failure to state a cause of action.

5. In Count II, Plaintiff alleges that Defendants conspired to "willfully and wantonly" deprive Plaintiff of his constitutional rights to be free of cruel and unusual punishment." Plaintiff also claims that Defendants conspired to deprive Plaintiff of his liberty without due process of law. First, Count II, as with Count I, fails to state a cause of action because it is not supported by any ultimate facts showing that Plaintiff is entitled to relief. Indeed, Count II does not come close to the level of particularity required to plead conspiracy under §1983. For these reasons alone, this Court should dismiss Count II.

6. Moreover, even if Count II was plead with the requisite level of particularity, which it is not, it still fails to state a cause of action because the City cannot conspire with itself. At most,

the Complaint alleges that the City conspired with Park, a City detective, to deprive Plaintiff of his civil rights. However, Park, as an employee of the City, cannot conspire with the City. As such, Count II fails to state a cause of action and should therefore be dismissed.

7. In Count III, Plaintiff alleges that the Defendants falsely imprisoned him. In order to allege a cause of action for false imprisonment, Plaintiff must allege: (1) an unlawful detention and deprivation of liberty against a person's will; (2) that the detention was unreasonable and not warranted by the circumstances; and (3) that the detention was intentional. The sum of Plaintiff's claim for false imprisonment is simply his conclusion that he was imprisoned falsely. This circular, empty statement falls far short of stating a cause of action for false imprisonment. Plaintiff has failed to plead ultimate facts showing that he is entitled to relief. Nowhere in the Complaint are there any allegations as to when he was imprisoned, what role, if any, the City played in imprisoning him, or that the detention was unreasonable under the circumstances. As such, this Court should dismiss Count III.

8. Even if Count III plead ultimate facts to support the cause of action, which it does not, Count III fails because the City, as a matter of law, cannot be held liable for an intentional tort allegedly committed by its employee where the employee, as alleged in Count III, acted with malicious purpose or wanton and willful disregard of human rights. Moreover, Count III fails because a municipality can be held liable for the intentional tort of its employee *only if* the action was within the employee's scope of employment, which Plaintiff has not alleged. As such, this Court should dismiss Count III.

9. In Count IV, Plaintiff merges three separate causes of action: (1) defamation per se; (2) slander; and (3) libel. Plaintiff has failed to state a cause of action under any of these distinct

claims. Even if these three counts were separated into the respective counts, Plaintiff has failed to state a claim under any of the three causes of action. First, as with the rest of the Counts, Plaintiff has not plead ultimate facts showing that he is entitled to relief. Nowhere in the Complaint does Plaintiff allege that any employee of the City published any defamatory, slanderous, or libelous statement regarding Plaintiff. Even if the Complaint contained such allegations, which it does not, Count IV does not state a cause of action against the City as the City is protected by the sovereign immunity doctrine. The City is entitled to sovereign immunity where, as here, the allegations state that Defendants acted in a willful, wanton, and malicious manner in publishing materially false statements. Finally, the City is not liable under Count IV because there is no allegation that any City employee, while acting within the course and scope of his employment, published any materially false statements regarding Plaintiff. For all these reasons, this Court should dismiss Count IV.

WHEREFORE the City and the Police Department respectfully request that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Defendants
SunTrust International Center
One Southeast Third Avenue - 28th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax No.: (305) 374-5095
Email: mfertig@akerman.com
Email: jlcohen@akerman.com

By: Jennifer L. Cohen
**MICHAEL FERTIG**
Florida Bar No. 358754
**JENNIFER L. COHEN**
Florida Bar No. 123145

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9 day of January, 2001 to: **Chris Livingston, Esq.,** 1525 NE 125 Street, Ste. 208, North Miami Florida 33161; **Rhonda A. Anderson, Esq.**, Rhonda A. Anderson, P.A., 2222 Ponce de Leon Blvd., Ste. 500, Coral Gables, Florida 33134; and **Toyota of Homestead, Inc.** 29330 South Dixie Highway, Miami, Florida.

By: Jennifer L. Cohen
Attorney

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person<br>(En Espanol al Dorso) (Francis Au Verso) | CASE NUMBER<br>00-13748 CA 22 |
|---|---|---|
| PLAINTIFF(S)<br>Alejandro CORREA | VS. DEFENDANT(S)<br>Mercedes-Benz Credit Corp.; Mercedes-Benz of North America Inc.; Bill Ussery Motors Inc.; Toyota of Homestead Inc.; Avanti Powerboats Inc.; All County Recovery Inc.; The City of Coral Gables; Coral Gables Police Dpt., et al. | CLOCK IN |

| To Defendant(s): | Address: |
|---|---|
| DETECTIVE COREY PARK<br>CORAL GABLES POLICE DEPARTMENT | 2801 Salzedo Street<br>Coral gables, FL 33134 |

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file with the clerk of this court,, a written response to the attached Complaint. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may loose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, you must at the same time mail or take a copy of your written response to the "Plaintifi/Plaintiff's Attorney" named below and file your response to the Court, located at:

Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

ANTHONY ROMANO
C. P. S. #544
11th JUDICIAL CIRCUIT
12-27-00
3:30 pm

Additional Court locations are printed on the back this form.

Forwarded 12/27/2000 [illegible]

| Plaintiff/Plaintiff Attorney | Address: |
|---|---|
| Rhonda A. Anderson, Esq.<br>Florida Bar No. 708038 | Rhonda A. Anderson, P.A.<br>2222 Ponce De Leon Blvd., Suite 500<br>Coral Gables, FL 33134 |

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this on the above named defendant.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: R. GALARDI<br>DEPUTY CLERK | DEC 19 2000<br>DATE |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**

In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis D. Pettigrew, no later than 7 days prior to the proceedings at (305) 375-2006 (voice), or (305) 375-2007 (TDD).

CLK/CT 70 Rev. 03/95

ATTACHMENT / EXHIBIT 8

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
GENERAL JURISDICTION DIVISION

Alejandro CORREA,
*Plaintiff*

v.

The following persons both individually and in their official capacities:

Mercedes-Benz Credit Corporation;
Mercedes-Benz of North America Inc.;
Bill Ussery Motors Inc.;
Toyota of Homestead Inc.;
Avanti Powerboats Inc.;
All County Research & Recovery Inc.;
The City of Coral Gables;
Coral Gables Police Department;
Francisco AVILA;
Joe CARRILLO;
Robert DUARTE;
Arturo HERNANDEZ;
Detective Corey PARK, CGPD;
Jorge RODRIGUEZ;
Reynaldo RODRIGUEZ;
Ricardo RODRIGUEZ;
Luis SOTERO;
Bill SHEPHERD; and,
Joe TODISCO,
*Defendants*

00-13748 CA22

Judge KAYE

ORIGINAL
FILED
JUN - 1 2000
HARVEY RUVIN
CLERK

COMPLAINT

COMES NOW the Plaintiff, Alejandro CORREA, and by and through the undersigned for his complaint against the Defendants makes as follows:

*JURISDICTION AND VENUE*

1. This is an action for damages in excess of $15,000, within the jurisdictional amount of this Court.

2. This is an action under the laws of Florida and 42 U.S.C. § 1983, within the subject matter jurisdiction of this Court.

3. One or more Defendants resides or has his chief place of business within Miami-Dade County, and also a substantial part of the events or omissions complained of occurred within Miami-Dade County, such that venue lies in the Eleventh Judicial Circuit of Florida.

4. All conditions precedent to the commencement and maintenance of this action have occurred or been performed.

*THE PARTIES*

5. Plaintiff Alejandro CORREA is an adult resident of the State of Florida and of Miami-Dade County.

6. All corporate Defendants are either organized under the laws of Florida or are foreign corporations lawfully admitted to do business in Florida.

7. All Defendant bodies politic and their agencies, officials, employees, and agents have their headquarters and/or offices for the regular transaction of business within Miami-Dade County.

8. All Defendants who are natural persons are, or were at all times relevant, adult residents of the State of Florida and of Miami-Dade County.

*THE FACTS*

9. On or about 28 May 1997, AVILA and SOTERO arrived at Bill Ussery Motors to attempt to buy or lease an automobile.

10. AVILA identified himself as Richard Lumpkin and at some point produced a false Florida driver license in that name, and with all other correct information pertaining to Mr. Lumpkin, but with AVILA'S photograph on it.

11. In fact, Richard Lumpkin was and is a Member in Good Standing of The Florida Bar and is an employee or partner at a well-known firm in the Miami area, but suffered the misfortune of having his driver license stolen or mislaid, whereafter it found its way to AVILA.

12. RODRIGUEZ, who was at the time a salesman employed by Bill Ussery, took AVILA'S credit application for a Mercedes-Benz C-36, VIN WDBHM36EXTF341319, leased in the name of Mr. Lumpkin.

13. This application was addressed to Mercedes-Benz Credit Corporation.

14. RODRIGUEZ escorted AVILA to TODISCO, the finance manager of Bill Ussery, and AVILA signed the application, as well as the buyer's order, insurance, and temporary tag papers, in TODISCO'S presence.

15. All the while, AVILA knowingly was fraudulently using the identity of Mr. Lumpkin, who had such excellent credit that the deal was swiftly approved.

16. AVILA took delivery of the C-36 and drove away in it the same day.

17. On or about 03 June 1997, AVILA and possibly SOTERO returned to Bill Ussery, claiming they were so satisfied with the prior experience that they wished to buy or lease another vehicle.

18. Using the same stolen identity as before, and the same procedure with Mercedes-Benz Credit Corporation, RODRIGUEZ and TODISCO, AVILA purchased a 1996 Porsche 911, VIN WP0CA2990TS341866, and drove away in said 911.

19. AVILA paid the deposit or inception money with a MasterCard account number that he knew was not his and that he knew he did not have permission to use.

20. In fact, that MasterCard belonged to Andrew Horn, who like Mr. Lumpkin also happens to be a lawyer, and who had no knowledge that someone was wrongfully using his card until two mysterious charges, of $1,000.00 each, to Bill Ussery showed up on his statement, whereupon Mr. Horn had them removed.

21. Using the same stolen identity, AVILA and possibly SOTERO arrived at Avanti Powerboats Inc. on or about 11 June 1997 to lease or purchase a boat.

22. AVILA filled out a loan application in the presence of DUARTE, Avanti's finance director, for a loan (net of down payment) of $66, 773.10.

23. The lending financial institution approved the loan within 48 hours on Mr. Lumpkin's credit.

24. AVILA and possibly SOTERO took delivery of the boat, a 1998 Avanti 31 OF hull number ERQ312076798, with two Mercury 250 outboard engines serial numbers OG351707 and OG331657, and the boat has not been seen since.

25. Neither AVILA nor SOTERO nor anyone else ever made payments on the boat, such that under the terms of their financing agreement with the lending institution, Avanti Powerboats has to pay for the boat, and Avanti Powerboats has been unable to locate the boat or repossess it.

26. Toyota of Homestead also charged CORREA falsely with using a different Social Security number to purchase a T-100 pickup truck under his name, when in fact it was the dealership manager and personnel who, in order to not have to ask CORREA to return

his newly purchased vehicle and return CORREA his down payment, substituted a different SSN without CORREA'S knowledge.

27. In the criminal investigation that followed, PARK for no good reason suspected CORREA in the misdeeds above, closing his eyes to the facts.

28. During his investigation PARK was contacted by All County Research & Recovery, whom Mercedes-Benz of North America and Mercedes-Benz Credit Corporation.

29. CARRILLO, employee or officer of All County Research & Recovery, informed PARK of a possible connection between SOTERO and CORREA.

30. However, that connection had no basis in fact, because PARK purposely overlooked that CORREA'S past lease of a Mercedes-Benz under his mother's name had no modus operandi in common with the present case of using a false and fictitious driver license and SSN to buy cars and boats.

31. Additionally, the Luis Navarro listed on CORREA'S mother's application was not Luis SOTERO as PARK purposely in total disregard of CORREA'S constitutional rights alleged in order to support the charges against CORREA.

32. Moreover, CORREA made payments on the Mercedes-Benz leased under his mother's name, whereas SOTERO and AVILA never made payments on any of the cars or boat leased or purchased.

33. PARK obtained a photocopy of the false driver license from Bill Ussery, who as a matter of course photocopies identification that potential purchasers produce.

34. The photocopy picture bears absolutely no resemblance to CORREA other than that the photograph's subject is Latino (male of Hispanic origin).

35. PARK had the means of determining that CORREA was either in Mexico or was in Krome Detention Center awaiting deportation on the days in question, but deliberately decided not to explore any reasonable theories of innocence.

36. DUARTE, RODRIGUEZ, and TODISCO each spent hours with AVILA and knew what he looked like.

37. Nevertheless, PARK, DUARTE, and TODISCO all identified the fraudulent identification user, unreasonably and manifestly incorrectly, as CORREA instead of AVILA.

38. PARK was at the time a detective of the Coral Gables Police Department, such that he was acting under color of state law.

39. PARK'S actions amounted to a deprivation of CORREA'S constitutional right to be free from cruel and unusual punishment and right not to be deprived of liberty without due process of law.

40. The City of Coral Gables and the Coral Gables Police Department have, or had at the time, the policy or custom of depriving persons of their civil rights in a manner similar to CORREA'S case in order to claim they were arresting more suspects and solving more crimes.

41. CORREA is 6 feet tall, is of slender build, and weighs no more than 200 pounds.

42. PARK and CARRILLO therefore knew CORREA did not fit the physical description of AVILA who is 5'8" to 5'10" and 170 pounds with big nostrils.

43. Notwithstanding all of the foregoing, PARK arrested CORREA without probable cause and charged him with numerous offenses, also without probable cause, even though CORREA continuously claimed his innocence.

44. Mercedes-Benz Credit Corporation hired All County Research & Recovery Inc. to attempt to recover the 911 and possibly the C-36.

45. SOTERO by unknown means learned of the recovery attempt and who was undertaking it.

46. CARRILLO, employee or officer of All County Research & Recovery, received 2 phone calls on or about 02 August 1997 from someone claiming to be "Alex" who stated that CARRILLO would never find the 911, or the caller.

47. The caller threatened CARRILLO'S life during one or both calls.

48. CARRILLO incorrectly and unreasonably assumed the caller to be CORREA.

49. CARRILLO the same day wrote to Ray Rodriguez Esq., who CARRILLO knew was representing SOTERO, and published to Mr. Rodriguez that "Alex" had made a death threat, such that Mr. Rodriguez could not have reasonably inferred that "Alex" was anyone other than CORREA.

50. CARRILLO also filed a police report charging CORREA with threatening to kill him.

51. SHEPHERD, who is an Assistant State Attorney of the Eleventh Judicial Circuit, swore out a knowingly false affidavit, or unreasonably relied on false information, that CORREA had committed crimes in order to prosecute him.

52. Among the false information relied on was the claim of Ricardo RODRIGUEZ and Jorge RODRIGUEZ that Ricardo RODRIGUEZ had acted as a bondsman to get CORREA out of jail, even though SHEPHERD knew that Ricardo RODRIGUEZ was a convicted felon and could not possibly have been a bondsman.

53. After a full and fair investigation, all criminal charges against CORREA relating to the foregoing incidents were dropped, dismissed, nolle-prossed, or otherwise not proceeded with, on grounds that CORREA was innocent of them.

*COUNT I: VIOLATION OF CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did conspire to willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT III: FALSE IMPRISONMENT*

The facts as pleaded above establish that each and every Defendant did willfully and wantonly imprison the Plaintiff falsely, or cause the Plaintiff to be imprisoned falsely, in the Miami-Dade County Department of Corrections, such that the Defendants are jointly and severally liable for money damages.

*COUNT IV: DEFAMATION PER SE, SLANDER, AND LIBEL*

The facts as pleaded above establish that each and every Defendant did willfully, wantonly, maliciously, and knowingly publish to one or more third persons materially false charges that the Plaintiff had committed one or more crimes of moral turpitude, including but not limited to: grand theft motor vehicle, fraud, stalking, aggravated stalking, assault, criminal mischief, and use of a false driver license, such that the Defendants are jointly and severally liable for money damages.

*DEMAND FOR JUDGMENT*

WHEREFORE the Plaintiff, Alejandro CORREA, deems himself entitled to compensatory damages from the Defendants in their individual capacities of more than $15,000.00 (fifteen thousand dollars) on each count, and punitive damages from the Defendants in their individual capacities in an amount sufficient to punish the Defendants for past wrongdoing and deter others from the same conduct in the future, and an injunction forbidding all Defendants in their official capacities from ever again violating the Plaintiff's civil rights, on pain of contempt of court; and, such other and further relief as this honorable Court deems just and appropriate.

*DEMAND BY INDORSEMENT FOR JURY TRIAL*

The Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

CHRIS LIVINGSTON Esq., Counsel for the Plaintiff
Fla. Bar No. 134899
1525 NE 125th St, Suite 208
North Miami, Florida 33161
Phone/fax: (305) 981-0500
Cell: (305) 989-4446
Email: chrisatty@hotmail.com

[redacted]

Agency Name: CORAL GABLES POLICE DEPT.

# OFFENSE INCIDENT REPORT

Orig. 1 / Supp. 2 — Juvenile

Reported Day: TUE [redacted]

Incident Day (From) [redacted] Day (To)

Incident Location (Street, Apt., City, Zip): 300 Almeria CG FL 33134

Business Name/Area Identifier: Bill Ussery

Location Type: 11

[redacted] Description: Grand Theft Auto [redacted]

## WITNESS

[redacted] Name (Last, First, Middle/Business): Bill Ussery Motors [redacted]

Residence Phone: ( )

Address (Street, Apt., City, State, Zip): 300 Almeria Av. Coral Gables FL

Other Contact Info. (Time Available, Interpreter, Etc.): M-F 9-5

Business Phone: ( ) 445-8593

[redacted] Ethnicity

(Synopsis of Involvement): Owner of Veh.

## WITNESS

[redacted] Name (Last, First, Middle/Business) [redacted]

Residence Phone: ( )

Address (Street, Apt., City, State, Zip)

Other Contact Info. (Time Available, Interpreter, Etc.)

Business Phone: ( )

[redacted] Ethnicity

(Synopsis of Involvement)

## SUSPECT

[redacted] Juvenile | Name (Last, First, Middle): unk "Richard Lumpken" | Maiden Name | Nickname/Streetname | Residence Phone ( )

Place of Birth | Last Known Address (Street, Apt., City, State, Zip) | Business Phone ( )

[redacted] Occupation | Employer/School: WM | Address: 10-16-55

Social Security # | Driver License State/# | Immigration Naturalization # | Other I.D. # | OBTS # (Arrested) | FCIC/NCIC #

[redacted] Height | Weight | Eye Color | Hair Color | Hair Length | Hair Style | Build | Complexion | Facial Hair | Teeth | Speech/Voice

Special Identifiers | Clothing (Describe) | Scars, Marks, Tattoos (Location, Describe)

## VEHICLE/VESSEL

[redacted] Veh. # 1 [redacted] Year 96 | Make: Mercedes | Model: C36 | Style | Tag/Reg./Dec. #: Finke | Reg. State: FL | Reg. Year: 98 | Decal #: CE5023845

Tag Type: Arts | VIN/HullFAA: WDBHM36EXTF341317 [redacted] | Vessel Name | Color (Top/Bottom): Black | Length | Hull Material | Propulsion

Boat Type | Description (Characteristics, Damage, Etc.) | Insurance Company | Lien Holder [redacted]

[redacted] Recovery Address/Zone [redacted] | Original Reporting Agency | Report No. [redacted]

Hold YES NO | Reason/Authority [redacted] | Towed By | Storage Location | FCIC/NCIC: 1393

## PROPERTY

[redacted] Item # [redacted] Quantity | Name | Brand | Model Name/Number

Serial Number | Owner Applied No. | Description [redacted] FCIC/NCIC

[redacted] Item # [redacted] Quantity | Name | Brand | Model Name/Number

Serial Number | Owner Applied No. | Description [redacted] FCIC/NCIC

## NARRATIVE

THE ABOVE LISTED VEH. WAS PURCHASED WITH FALSE FLORIDA IDENTIFICATION. THE SUSPECT IS ALSO LISTED IN CGPD CASE #97-13290 REF. AUTO THEFT. & credit card fraud

NO PAYMENTS TO THIS DATE HAVE BEEN MADE TOWARD THE PROPERTY.

IF VEH. LOCATED HOLD FOR LATENT PROCESSING.

FC/NCIC NOTIFIED

## ADMINISTRATIVE

Report Contains: 02

Related Report Number(s)

Officer(s) Reporting: Black C | I.D. Number(s): 685 | Unit: 402 | Date: 7-22-97 | Officer Reviewing (If Applicable): SGT [illegible] | I.D. Number: 451

Routed To | Referred To | Assigned To: Park assign | By: 7/23 | Date | Case Status

# OFFENSE INCIDENT REPORT

Agency ORI #: FLO 130300
Agency Name: CORAL GABLES POLICE DEPT.
Agency Report Number: 97-15701

**EVENT DATA**

| Reported Day | Date | Time (Mil.) | Dispatch | Arrival | In Service | Incident Day (From) | Date | Time | Day (To) | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| THU | 07-24-97 | 1700 | 1700 | 1700 | 1800 | THU | 07-24-97 | 1700 | THU | 07-24-97 | 1800 |

Incident Location (Street, Apt., City, Zip): 8320 SW 96 PL. Miami FL
Business Name/Area Identifier: RES
Location Type: 01 | Forced Entry: 00 | Occupancy: 00 | Grid: 20

Offense #1: Type 9 | Description: AUTO THEFT RECOV. | Attempted A / Committed C: C | Statute #: 777. 7777
Weapon Type: 00 | No. Offenses: 00 | No. Victims: 01
No. Offenders: 0 | No. Premises Entered: 00 | No. Vehicles Stolen: 01
Offense #2:

**WITNESS**

Offense Indicator: 1 | V/W Code #: V-1 | V. Type: | Name (Last, First, Middle/Business): BILL OSSEY
Residence Phone: ( ) 445-8573
Address (Street, Apt., City, State, Zip): 2704 SALZEDO ST. CG, FL
Other Contact Info. (Time Available, Interpreter, Etc.):
Business Phone: ( )
Res. Type: 00 | Res. Status: 00 | Injury Extent: 00 | Injury Type(s): 00 | Relationship: 00 | Ethnicity:
(Synopsis of Involvement): OWNER of VEH.

**WITNESS**

Offense Indicator: | V/W Code #: | V. Type: | Name (Last, First, Middle/Business): | Race | Sex | D.O.B./Age | Residence Phone: ( )
Address (Street, Apt., City, State, Zip): | Other Contact Info. (Time Available, Interpreter, Etc.): | Business Phone: ( )
Res. Type | Res. Status | Injury Extent | Injury Type(s) | Relationship | Ethnicity | (Synopsis of Involvement)

**SUSPECT**

Offense Indicator: 1 | Suspect Code #: S1 | Juvenile: | Name (Last, First, Middle): UNK | Maiden Name | Nickname/Streetname | Residence Phone: ( )
Place of Birth | Last Known Address (Street, Apt., City, State, Zip) | Business Phone: ( )
Race | Sex | Occupation | Employer/School | Address
Social Security # | Driver License State/# | Immigration Naturalization # | Other I.D. # | OBTS # (Arrested) | FCIC/NCIC #
D.O.B./Age | Height | Weight | Eye Color | Hair Color | Hair Length | Hair Style | Build | Complexion | Facial Hair | Teeth | Speech/Voice
Special Identifiers | Clothing (Describe) | Scars, Marks, Tattoos (Location, Describe)

**VEHICLE/VESSEL**

| Person Code # | Veh. # | Status | Damage | Type | Year | Make | Model | Style | Tag Reg./Doc. # | Reg. State | Reg. Year | Decal # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| V1 | 1 | 5 | 3 | 1 | 86 | MERC | | 4D | FIHKE | FL | 98 | 2012845 |

Tag Type: FL. | VIN/Hull/FAA: 1MEBM36EXTF341319 | Condition: 2 | Vessel Name: | Color (Top/Bottom): BLK | Length: | Hull Material: | Propulsion:
Boat Type: | Description (Characteristics, Damage, Etc.): PS SIDE DENT | Insurance Company: | Lien Holder: | Estimated Value: $ 2000.00
Recovery Date: 7-24-97 | Recovery Address/Zone: 8320 SW 96 PL | Recov. Code: 2 | Recov. Loc.: 1 | Original Reporting Agency: CGPD | Report No.: | Recovered Value: $ 2000.00
Hold Y/N: NO | Reason/Authority: Crime Scene | Method of Theft: 1 | Components Stripped: 0 | Towed By: SCOTTLAND | Storage Location: 5870 SW...? | FCIC/NCIC: 1393

**PROPERTY**

Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity | Name | Brand | Model Name/Number
Serial Number | Owner Applied No. | Description | Value $ | Value Recovered $ | Date Recovered | FCIC/NCIC

**PROPERTY**

Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity | Name | Brand | Model Name/Number
Serial Number | Owner Applied No. | Description | Value $ | Value Recovered $ | Date Recovered | FCIC/NCIC

**NARRATIVE**

FOLLOW UP INVESTIGATION LED THIS INVESTIGATOR
TO THE ABOVE ADDRESS AND THE RECOVERY OF THE
ABOVE VEH. NO ARRESTS AT THIS TIME.
VEH. INFO FORWARDED TO FCIC/NCIC

**ADMINISTRATIVE**

Report Continues: [illegible]
Related Report Number(s):
Officer Reporting: [signature] | I.D. Number(s): 6858 | Unit: 2 | Date: 7-24-97
Officer Reviewing (If Applicable): [signature] | I.D. Number: 5783
Routed To | Referred To | Assigned To | By | Date | Case Status
Clearance Type | Adult A / Juvenile J | Date Cleared | Arrest Number | No. Arrested | Exception Type | OBTS Number
Pg. 1 of Pgs. 1

**NARRATIVE CONTINUATION**

| AGENCY ORI# | AGENCY NAME | ORIG: | JUVENILE: | CASE NO:97-13701 |
|---|---|---|---|---|
| FLO 130200 | CORAL GABLES POLICE DEPT. | SUPP: X | | |

**ORIGINAL DATE REPORTED:** 07-16-97
**CASE REFERENCE: GRAND THEFT AUTO-Bill Ussery**

**PERSONS DATA**

**SUBJECT # 1**

**Correa, Alex**
**W/M 04-11-67**
**6-2 200lbs**
**Hair Blk Eyes Bro**
**LKA 9531 SW 4 St. Miami, Fl.**
**SS# 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**
**Fl. Dl. C60000067131**
**AKA Lumpkin, Richard 10-16-55**

**SUBJECT # 2**

**Sotero, Luis**
**W/M 07-14-72**
**5-7 170**
**Hair Blnd Eyes Bro**
**8320 SW 96 Place Miami, Fl. 33173**
**SS # 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**
**FL. DL. S-360-520-72-254-0**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

On, July 18,1997, this investigator contacted Mr. Hugh Richard Lumpkin in reference to a purchase of a vehicle from Bill Ussery Motors. During the purchase, a Master Card was used on two separate occasions to charge $1,000.00 toward the down payment of the vehicle. A few days later Bill Ussery Motors was notified by Master Card the charges were in dispute by the card owner. Mr. Lumpkin advised me he did not make any such purchase and he did not give anyone permission to make the purchase. Further investigation showed the above listed subject obtained, by unknown means, all of Mr. Lumpkin's personal information. A Florida Driver License was also used in this purchase. Investigation of the license showed it to be fraudulent. It contained all of Mr. Lumpkin's information including Fl. Dl. number and address. The picture depicted on the license was not Hugh Richard Lumpkin and is believed to be that of Alex Correa.

This investigator contacted Rey Rodriguez the sales person at Bill Ussery Motors. Rodriguez advised me he sold the subject two vehicles (CGPD case # 97-13701and 97-13290)after being referred by Luis Sotero. Rodriguez stated the subject had such great credit the first vehicle(97-13701) was approved to him very quickly. Rodriguez prepared all necessary paper work for the purchase of the vehicle. The subject then was referred to Joseph Todisco, the finance manager, and the sale was finalized by signing all required documents and the vehicle was delivered. Luis Sotero drove the vehicle off the lot following the sale.

Luis Sotero returned a second time. The same type of transaction was requested by Sotero. If the deal would work Sotero advised Rodriguez to call him. The subject's credit continued to show excellent and a second vehicle was approved to him with only a small down payment this time. Rodriguez called Sotero who instructed him to meet near Bird Road and the Turnpike. A meeting place of the International House of Pancakes was agreed and Rodriguez was instructed to bring all the papers necessary to complete the sale. Sotero drove the salesman (in the Mercedes purchase earlier) to an undisclosed address in South West Dade County. At this time, Correa responded from the back yard of 12695 SW 191 Ter. and signed all papers required to complete the sale. Sotero advised he would bring the $2,000.00 owed on the down payment the next day to Bill Ussery Motors. Sotero drove the salesman back to the original meeting place, followed him back to the dealership and took possession of the car. Several day passed and the subject never contacted Rodriguez. Rodriguez advised me he contacted the customer on two occasions, at which time a Master Card credit card number was taken over the telephone as the down payment. This process was repeated the following day for a total of $2,000.00 in charges. At the time of the transactions, Rodriguez said he was not aware the card did not belong to the customer. A few days later it was brought to Rodriguez attention the credit card charges were being disputed by the card owner. As a result, Rodriguez contacted Luis Sotero at the phone number listed on the subject's application.

Sotero told him it must be a mistake and said he would bring him the money. Neither Sotero or Correa showed up to pay the debit. Further attempts to contact them failed due to disconnected numbers.

Follow up investigation led to the recovery of first vehicle obtained fraudulently by Correa (CGPD case 97- 13701, 96 Mercedes 4 Dr. F1HKE, vin: WDBHM36EXTF341319) in front of Sotero's home, 8320 SW 96 Place Miami, Fl. This vehicle was photographed before it was removed. Crime scene was processed at 3870 Shipping Ave. South Land Towing.

Attempts to contact Luis Sotero were made with negative results. Sotero's attorney (Ray Rodriguez,PA) contacted me and advised his client would not answer any questions, but he would surrender if probable cause was established for an arrest.

As of this date, two employees at Bill Ussery Motors (Ramon Salas and Joseph Todisco) have positively identified Alex Correa as the W/M subject who posed as Richard Lumpkin in order to obtain two vehicles from the dealership by the use of fraudulent means. The sales person Ray Rodriguez was unable to Identify the subject.

All attempts to locate the subject have been unsuccessful to this date.

This case is waiting the review of the State attorney's Office in order to obtain an arrest warrant

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 08-15-97

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Suspended** **CLEARANCE TYPE:** **DATE CLEARED:** **EXCEPTION TYPE:**

**NARRATIVE CONTINUATION**

**AGENCY ORI#** FLO 130200 | **AGENCY NAME** CORAL GABLES POLICE DEPT. | **ORIG:** **SUPP:** X | **JUVENILE:** | **CASE NO:97-13701**

**ORIGINAL DATE REPORTED:** 07-16-97
**CASE REFERENCE: GRAND THEFT AUTO-Bill Ussery**

**PERSONS DATA**

**SUBJECT # 1**

**Correa, Alex**
**W/M 04-11-67**
**6-2 200lbs**
**Hair Blk Eyes Bro**
**LKA 9531 SW 4 St. Miami, Fl.**
**SS# 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**
**Fl. Dl. C60000067131**
**AKA Lumpkin, Richard 10-16-55**

**SUBJECT # 2**

**Sotero, Luis**
**W/M 07-14-72**
**5-7 170**
**Hair Blnd Eyes Bro**
**8320 SW 96 Place Miami, Fl. 33173**
**SS # 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**
**FL. DL. S-360-520-72-254-0**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

On October 22, 1997, this investigator located subject # 1 at the Dade County Metro Justice Bld. when he responded for a scheduled plea hearing. Correa agreed to voluntarily respond to CGPD in reference to the above listed case. The defendant was read Miranda and waived all rights. The defendant refused to answer any questions in reference to this case. Additionally, the defendant refused to provide this investigator with a correct address. Correa stated his address was 10620 SW 15 St. apt # 210 Miami, Fl. This address was found to be fraudulent. The next address he provided was his mother's address. It was determined through interviews with the defendant's mother Alejandro Correa no longer lives at her address, does not receive mail at the address and seldom visits her at the address. Correa refused to provide any further information.

The defendant was arrested and transported to TGK via CGPD processing.

This case is closed by arrest.

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 08-15-97

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Closed** **CLEARANCE TYPE:01** **DATE CLEARED:10-22-97** **EXCEPTION TYPE:**

**NARRATIVE CONTINUATION**

| AGENCY ORI# | AGENCY NAME | ORIG: | JUVENILE: | CASE NO:97-13701 |
|---|---|---|---|---|
| FLO 130200 | CORAL GABLES POLICE DEPT. | SUPP: X | | |

**ORIGINAL DATE REPORTED:** 07-22-97
**CASE REFERENCE: GRAND THEFT -Bill Ussery**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

Further investigation was conducted reference this case on Jan. 10, 1997, this investigator responded to Senor Stereo at 9001 SW 40 St. Miami, Fl. I spoke with Mike Menendez who advised me he has worked at the business for the past year since it opened. I asked Menendez if he recalled working on an Ice Blue Porsche Convertible or a Black Mercedes Benz approximately six months ago. Menendez told me he could not recall a Porsche, but he did recall doing a dark tint job, on a Mercedes, referred to him by John Ronda at Auto Concepts 9040 Bird Rd. He stated the vehicle was driven to his business by an employee from Auto Concepts. Upon completion, the vehicle was picked up by it's owner. No record of the work was saved due to the darkness of the tinting. Menendez could not recall who the owner was and could not positively identify him. Photographs of the defendants were presented. Menendez stated he did not recognize A. Correa, but he did recognize the picture of L. Sotero. Menendez did not recognize either name. Menendez could not provide any further information.

I also spoke to a technician at Senor Stereo who worked on the Black Mercedes. Luis Madrid advised he did recall working on the vehicle. He could not advise who the owner was, but he did point at L. Sotero's photo and say this guy looks real familiar.

As this investigator was leaving the parking lot, another employee walked from the rear of the business. I recognized him as one of the technicians who walked by while I was speaking with Menendez. The employee asked me for a card which I provided tpo him. I asked him if he would like to go somewhere and talk. He replied maybe later and began to leave. As he walked away, he turned and said "by the way it was the fat guy who had the car your talking about." No further information was obtained at this address.

I also responded to Auto Concepts at 9040 Bird Road. I spoke with Melissa Ronda (John's wife). Melissa agreed to give a taped statement. When asked if they had prior knowledge of A. Correa or L. Sotero, Melissa answered only Correa who used to have a beeper with the company. When asked to look at pictures of the vehicle, Correa and Sotero, Melissa stated she only recognized Correa not the car or Sotero. When asked if her company ever had an account in the name of Lumpkin, she answered yes but did not know who actually opened it up. **Note**: the beeper was used as the business phone number in both auto transactions. Melissa was also asked if Sotero ever had an account with the company. She was not sure.

This case remains closed by arrest.

Throughout the Interview Melissa expressed great concern for the safety of her, John, and the business. When asked why she was so frightened, Melissa would only say she thinks something could happen if they talk to the authorities. She also stated A. Correa has been in contact with them while he is jail.

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 01-10-98

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Closed** **CLEARANCE TYPE:01** **DATE CLEARED:08-20-97** **EXCEPTION TYPE:**

# COMPLAINT/ARREST AFFIDAVIT

OBTS Number | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No. | Police Case No. 97-13701

SS No. | Agency Code 03 | Municipal P.D. Def. ID No. 97-986 | MDPD Records and ID No. | Court Case No.

DEFENDANT'S NAME (Last, First, Middle): CARREL, ALEJANDRO | DOB mo/day/yr 04/11/67 | Sex M | Race W | Ethnic [illegible] | Height 5'9" | Weight 200 | Hair BRO | Eyes BRO

LOCAL ADDRESS: REFUSED | Alias RICHARD LUMPKIN 10-18-?? / DANIEL ALVA 2-20-73

PERMANENT ADDRESS: Street City State Zip Phone | Address Source ☐ Verbal ☐ Voter's I.D. ☐ Driver's License ☐ Other

BUSINESS ADDRESS: Street City State Zip Phone | Occupation | Place of Birth

DRIVER'S LICENSE NO. | State | Social Security No. 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 | Scars, Tattoos, Unique Physical Features

Weapon Seized? Type ☐Yes ☐No | Arrest Date mo/day/yr 10/22/97 | Arrest Time 1000 ☒ A.M. ☐ P.M. | Arrest Location (include name of business) 2801 SALZEDO ST. CORAL GABLES, FL | GRID

If Def. has Concealed Weapons Permit. PERMIT # W- | For Robbery, Burglary, F/A Viol: Suspected history of drug involvement? ☐ Yes ☒ Unk | No. Cases Cleared | Influence of Drugs ☐ Yes ☐ No ☒ Unk. | Influence of Alcoh. ☐ Yes ☐ No ☒ Unk. | Citizenship | Resid. Type: ☐ City ☒ Dade ☐ Florida ☐ Out of State

CO-DEFENDANTS (Last, First, Middle)
1. SOTERO, LUIS | DOB mo/day/yr 07/14/72 | ☒ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor
2. | DOB mo/day/yr ___/___/___ | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

DRUG CODE — DRUG ACTIVITY: N. N/A, P. Possess, S. Sell, B. Buy, T. Traffic, R. Smuggle, D. Deliver, E. Use, K. Dispense/Distribute, Z. Other, M. Manufacture/Produce/Cultivate — DRUG TYPE: N. N/A, A. Amphetamine, B. Barbiturate, C. Cocaine, E. Heroin, H. Hallucinogen, M. Marijuana, O. Opium/Derv., P. Paraphernalia/Equipment, S. Synthetic, U. Unknown, Z. Other

SIGNAL: ☐100 ☐150 ☐200 ☐250 ☐300 ☐400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | ☐AC ☐CAPIAS ☐BW ☐FW ☐PWO CIT# | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|
| 1. USE OF FICTITIOUS FL. D. LICENSE | N | N | 1 | 322.212 | | | 15-1 |
| 2. UTTERING FORGED INSTRUMENTS | N | N | 9 | 831.02 | | | |
| 3. INSURANCE FRAUD | N | N | 1 | 817.234(?) | | | |
| 4. OBTAIN VEHICLE WITH INTENT TO DEFRAUD | N | N | 1 | 817.52 | | | OF THE CODE OF CORAL GABLES |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant On the 28 day of MAY, 1997 at 4:?0 ☐ A.M. ☒ P.M. (Time) at BILL USSERY MOTORS 300 ALMERIA AV. CORAL GABLES, FL (Location, include name of business)

committed the following violation of law: Narrative; (Be specific) THE ABOVE LISTED DEF. PROVIDED A FICTITIOUS FLORIDA DRIVER LICENSE (#L512-748-55-376-0) TO VICTIM, BILL USSERY MOTORS, AS PROOF OF IDENTIFICATION FOR THE PURCHASE OF A 1996 MERCEDES-BENZ, C36 AMG, WDBHM36EXTF341317. THE DEFENDANT, WHILE ASSUMING THE IDENTITY OF RICHARD A. LUMPKIN, ADDITIONALLY PROVIDED THE NAME, ADDRESS, DATE OF BIRTH,

PAGE 1 OF 3

Hold for Other Agency
Agency ________ Verified by ________
I Swear that the above Statement is correct and true to the best of my knowledge and belief.
[signature] Officer's Name (Print)
[signature] Officer's Signature
CGPD | 6858 | 02
Department Name | Court ID Number/Loc. Code

☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).
Sworn to and subscribed before me, the undersigned authority, this 13th day of SEPT, 97
[signature]
Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof.

Signature of Defendant / Juvenile and Parent or Guardian

32.02 09-9 Rev. 4/96

COURT COPY

COMPLAINT/ARREST AFFIDAVIT
CONTINUATION

| S Number | Felony ☒ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant ☐ | Jail No | Police Case No. 97-13701 |
|---|---|---|---|
| No. | Agency Code 03 | Municipal P.D. Def ID No 97-996 | MDPD Records and ID No. / Court Case No |
| DEFENDANT'S NAME Last First Middle: CORREA, ALEJANDRO | | DOB mo/day/yr 04/11/67 | |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☒ BW ☐ FW ☐ PW ☐ CIT # | VIOLATION OF SECT |
|---|---|---|---|---|---|---|
| GRAND THEFT (AUTO) | N | N | 1 | 812.014 | | 15-1 |
| OBTAIN FICTICIOUS AUTO REGISTRATION | N | N | 1 | 319.33(4) | | |
| BW / DWLS 1550.00 | N | N | 1 | 322.34 | 409503I | OF THE CODE OF |
| BW / DWLS 5000.00 | N | N | 1 | 322.34 | 173607I | CORAL GABLES |

TELEPHONE NUMBER AND SOCIAL SECURITY NUMBER OF THE VICTIM (LUMPKIN) TO BILL USSERY MOTORS AS SUPPLEMENTAL/ REQUIRED INFORMATION TO FULLY PURCHASE THE PREVIOUSLY MENTIONED VEHICLE WITH INTENT TO DEFRAUD. THE PURCHASE ALSO REQUIRED PROOF OF STATE REQUIRED AUTO INSURANCE. THE DEFENDANT PROVIDED BILL USSERY MOTORS WITH AN INSURANCE POLICY FROM PROGRESSIVE EXPRESS INS. CO. #20206977-0 IN THE NAME OF THE VICTIM (LUMPKIN), FRAUDULENT ADDRESS AND A HOME PHONE NUMBER/WORK NUMBER THAT IS A DISSCONECTED CELLULAR ACCOUNT. ADDITIONALLY, THE DEFENDANT SIGNED, IN THE NAME OF RICHARD LUMPKIN, ALL REQUIRED DOCUMENTS TO FINALIZE THE LEASE WITH MERCEDES BENZ CREDIT CORPORATION AND TAKE POSSESION OF THE SAID VEHICLE (A TOTAL OF NINE DOCUMENTS).

THE DEFENDANT THEN, WITH FULL KNOWLEDGE AND INTENT TO DEPRIVE THE VICTIM EITHER TEMPORARILY OR PERMANENTLY OF THEIR PROPERTY, TOOK POSSESION OF THE VEHICLE AND DROVE IT FROM BILL USSERY MOTORS.

PAGE 2 OF 3

Hold for Other Agency
Agency ______ Verified by ______
I Swear that the above Statement is correct and true to the best of my knowledge and belief
[signature]
Officer's Name (Print)
[signature]
Officer's Signature
NOX 1858 (2)

☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority, this 13th SEPT 97
[signature]
Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof

COMPLAINT/ARREST AFFIDAVIT CONTINUATION

| S Number | [X] Felony [ ] Misdemeanor [ ] Traffic [ ] Juvenile [ ] Warrant | Jail No. | Police Case No. 97-12701 |
|---|---|---|---|
| No. | Agency Code 03 | Municipal P.D. Def. ID No. 97-986 | MDPD Records and ID No. | Court Case No |
| DEFENDANT'S NAME Last First Middle: CORREA, ALEJANDRO | DOB mo/day/yr 041162 | | |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | □ AC □ CAPIAS □ BW □ FW □ PW □ CIT # | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|
| BW/ DWLS 2000.00 | N | N | 1 | 322.34 | 329506P | 15-1 |
| BW/ DWLS 7500.00 | N | N | 1 | 322.34 | 370680E | |
| BW/ DWLS 6000.00 | N | N | 1 | 322.34 | 854489I | OF THE CODE OF |
| BW/ DWLS 5000.00 | N | N | 1 | 322.34 | 042860L | Coral Gables |

FINALLY, THE DEFENDANT, IN FURTHER ATTEMPT TO DISGUISE THE INCIDENT, RESPONDED TO A THE AGENCY LOCATED IN DADE COUNTY AND TRANSFERED THE ASSIGNED TAG FOR FL TAG # FIHKE REGISTERED IN THE NAME OF MERCEDES BENZ CREDIT CORP C/O LUMPKIN. THERE BY OBTAINING A FICTICIOUS REGISTRATION.

ALL OF THE ABOVE WAS DONE WITHOUT THE PERMISSION OR KNOWLEDGE OF THE VICTIM RICHARD H. LUMPKIN.

NO PAYMENTS WERE MADE TO THE LIENHOLDER

DEF. REFUSED TO PROVIDE THIS INV WITH A GOOD ADDRESS AND ADMITTED THE ADDRESS HE GAVE WAS FALSE.

DEFENDANT ARRESTED TRANSPORTED TO TGK

PAGE 2 OF 3

Hold for Other Agency
Agency ____ Verified by ____

I Swear that the above Statement is correct and true to the best of my knowledge and belief

[signature]
Officer's Name (Print)
[signature]
Officer's Signature
CGPD
Court ID Number/Loc. Code 6858 (0)
Department Name

[ ] HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority, this 13th day of SEPT 97
[signature]
Deputy of the Court or Notary Public

[ ] I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

[ ] You need not appear in court, but must comply with the instructions on the reverse side hereof

Signature of Defendant / Juvenile and Parent or Guardian

ORAL GABLES POLICE DEPARTMENT
ADE COUNTY, FLORIDA

# CRIME SCENE REPORT

☒ C.G.P.D Case
☐ AOA/O.D.C.N.
☐ SERVICE CANCELLATION

CRIME SCENE SECTION
CASE NO 97-13701

7-26-97

| NSE/INCIDENT | SCENE LOCATION | ADDRESS OF DISPATCH | PHONE NO. | AGENCY/DIST. |
|---|---|---|---|---|
| AUTO THEFT | 3870 SHIPPING AV. | SAME | 460-5439 | 03 |

| M | REQUESTED BY | REQUEST REC'D BY | DATE/TIME REC'D | DISPATCH TIME | ARRIVAL | IN SERVICE |
|---|---|---|---|---|---|---|
| MERCEDES CREDIT | PARK | SAME | 7-26-97 1000 | 1000 | 1030 | 1100 |

| ICLE: ☐ SUSPECTS ☒ VICTIMS ☐ N/A | YEAR | MAKE | MODEL/STYLE | COLOR | TAG | VIN |
|---|---|---|---|---|---|---|
| | 96 | MERC | 4D | BLK | FINKE | WDBHM36EXTF341317 |

| AGE | GAS LEVEL | SHIFT LEVER POSITION | IGNITION | ENGINE | SEAT POSITION | DAMAGE |
|---|---|---|---|---|---|---|
| UNK | UNK | PARK | BROKEN ☐ ON ☒ OFF | ☐ ON ☒ OFF ☐ HOT ☒ COOL | N/A | PAS SIDE/INT |

MARKS: THE SCENE CONSISTS OF THE ABOVE VEH. WHICH WAS TOWED TO 3870 SHIPPING AV. AFTER ITS RECOVERY AT 8320 SW PL. INITIAL EXAM OF THE PROPERTY SHOWED DAMAGE TO THE EXTERIOR NEAR THE PASSENGER FRONT AND REAR DOORS. SIGNS OF DAMAGE TO THE IGNITION AREA ARE ALSO OBSERVED CONSISTENT TO AN AUTO THEFT W/OUT KEY. DRIVER'S SIDE AND PASSENGER'S SIDE AIR BAGS ARE MISSING. THE REARVIEW MIRROR IS ALSO MISSING. A PACKAGE OF CIGARETTS COULD ALSO BE LOCATED IN THE CENTER COMPARTMENT. A PAIR OF VICEGRIPS IS ALSO OBSERVED IN THE DRIVER'S DOOR POCKET.

EXAMINATION OF THE TRUNK SHOWED IT TO HAVE BEEN RANSACKED WITH THE LINER PULLED DOWN AND WIRES DISCONNECTED. A SCREW DRIVER WAS LOCATED NEAR THE SPARE TIRE AND SIGNS OF RECENT ACTIVITY WAS APPARENT IN THE AREA OF THE JACK.

| MS/AREAS LATENTS RECOVERED: | OTHER EVID. COLLECTED/DISPOSITION: |
|---|---|
| 01 - INSIDE TRUNK FROM JACK HANDLE | 1. SCREW DRIVER |
| | 2. CIGARETTS |
| | 3. VICE GRIPS |
| | 4. PHOTOS |

PROPERTY RECEIPT ☒ YES ☐ NO — CONTINUATION ☐ YES ☒ NO — PHOTO ☐ YES ☒ NO
PAPER: ☐ YES ☒ NO — RETURN: ☐ YES ☒ NO
ELIMINATIONS: # 0/0
LATENTS: # 01 — PHOTOS B & W # — COLOR # 20
LATENTS REC'D BY (ID) — DATE AND TIME REC'D
LATENTS OF VALUE — I.D. TECH

ORTING OFFICER DET. C. PARK — I.D.# 6858 — UNIT NO. 762 — APPROVED BY

CORAL GABLES POLICE DEPARTMENT — VEHICLE/VESSEL STORAGE RECEIPT

| Location Vehicle / Vessel Towed From | Day | Date | Time | Case No. |
|---|---|---|---|---|
| 8320 SW 96 PL. | THU | 07-24-97 | 630 | 97-13701 |

| Reason Towed / Impounded | Other Agency Name / Case No. |
|---|---|
| Stolen / Rec. Veh. | |

| Vehicle ☑ Vessel ☐ | Year | Make | Model | Type | Color Top/Bottom | Vessel Name |
|---|---|---|---|---|---|---|
| | 92 | Merc | | 4D | [illegible] | |

| Length | Tag No. | State | Year | Decal/Registration No. | VIN/Serial No. |
|---|---|---|---|---|---|
| | FIHKE | FL | 98 | 02903845 | WDBHM36EXTF341319 |

| Registered Owner Name | Address | Phone No. | Arrested |
|---|---|---|---|
| Merc Benz C.C. | [illegible] | | Yes ☐ No ☑ |

| Operator Name | Address | Phone No. | Arrested |
|---|---|---|---|
| | | | Yes ☐ No ☐ |

| Individual Requesting Process / Removal | Name And Address Of Garage Taken To |
|---|---|
| Ptl. C. CGPD | [illegible] 3870 [illegible] |

| Hold For (Individual Requesting Hold) | Date And Time Contacted | Release May Be Authorized By | Phone No. |
|---|---|---|---|
| Ptl. C. Ped. | | | |

| Reason For Hold | Vehicle To Be Processed By |
|---|---|
| Held for Processing | |

**Joint Property Inventory By Officer & Tow Truck Driver**

| | | | | | |
|---|---|---|---|---|---|
| Radio ☐ | Antenna ☐ | Spare Tire ☐ | Key In Ignition | Yes ☐ | No ☐ |
| Tape Deck ☐ | A/C Heater ☐ | Hubcaps ☐ | Doors Locked | Yes ☐ | No ☐ |
| Radar Detector ☐ | Fog Lights ☐ | Mag Wheels ☐ | Trunk Locked | Yes ☐ | No ☐ |
| Speaker(s) ☐ | Mirrors ☐ | Other ☐ | Registration Papers | Yes ☐ | No ☐ |
| | | | Property In Vehicle/Vessel | Yes ☐ | No ☐ |
| | | | Property Receipt | Yes ☐ | No ☐ |

**Circle Number Of Areas Visibly Damaged Or Missing**




18. Undercarriage
19. Engine Parts/Battery
20. Window(s)
21. Light(s)
22. Dashboard
23. A/C - Heater
24. Radio/Speakers
25. Steering Column
26. Seats
27. Headliner
28. Tire(s)
29. Stripped/Burned/Wrecked
30. Misc. Dent/Scratch (circled)

**Additional Charges**

Unlock Vehicle ______
Disconnect Transmission ______
Use Of Dolly ______
Standby Time ______
Tow Invoice No.

We, the undersigned officer and tow truck driver, hereby certify that the above listed joint property is correct to the best of our knowledge.

| Impounding Officer Signature | I.D. No. | Zone | Department | Tow Truck Driver Signature |
|---|---|---|---|---|
| [signature] | 688 | 22 | CGPD | [signature] |

| Signature Of Owner And/Or Operator | Released At Scene ☐ Released At Garage ☐ | Released By |
|---|---|---|
| | | |

| Released To | Driver License No. | State | Date | Time |
|---|---|---|---|---|
| | | | | |

Vehicles WITHOUT hold orders become the responsibility of the garage at time of tow-in and may be released with Coral Gables Police Department authorization.

Vehicles WITH hold orders must have written authorization from Coral Gables Police Department.

Documents required for release are: (a) valid driver license if vehicle is to be driven from towing agency AND (b) vehicle title or (c) current registration or (d) other proof of right to possession.

ROUTING: White - Records Green - Garage copy given to owner/operator upon department release Yellow - (Release) Return To CGPD

Pink - Tow Truck Driver copy

THE CITY OF CORAL GABLES

THE CITY BEAUTIFUL

POLICE DEPARTMENT

2801 SALZEDO STREET
CORAL GABLES FLORIDA 33134

## NOTIFICATION OF RECOVERED STOLEN VEHICLE

DATE: 7/24/97 CASE NUMBER: 97-13701

TO: BILL USSERY
2701 SALZEDO ST
CORAL GABLES, FL 33134

| Make/Year/Style: | License No./Year/State: | V.I.N. No. |
|---|---|---|
| MERZ/96/4D | F1HKE/98/FL | WDBHM36EXTF311319 |

This is to inform you that the above vehicle which was reported stolen to this Department under the above case number has been recovered by CORAL GABLES Police Department under Case Number 97-13701 in GOOD condition. The vehicle was recovered at 8320 SW 96 PLACE and towed to SOUTHLAND 3670 SHIPPING AVE phone number 448-1726. If any additional information is needed, please contact Coral Gables Police Department at 442-1600 extension 4214.

* VEHICLE BEING HELD FOR PROCESSING PER DET PAHY

[signature] 7393
Signature/ID No.

* MSG LEFT AT BILL USSERY

ROUTING: Original (White): Attach to Offense-Incident Report Green: Owner Yellow: Insurer
Pink: Lienholder Goldenrod: Detective Division


1


2


3


4


5


6

Photo Display Folder
(1¾ x 2¼)
MDPD 033.05.01-101

FCS SD 97-13721/97-13220


1


2


3


4


5


6

Photo Display Folder
(1¾ x 2¼)
MDPD 033.05.01-101

SPACEFINDER SYSTEMS MODEL M4565 6/94

97-13-7xl/9703290



1



2



3



4



5



6

Photo Display Folder
(1¾ x 2¼)
MDPD 033.05.01-101

97-13701 / 97-13090

# MIRANDA RIGHTS FORM

_____ You have a right to remain silent. The Constitution requires that I so inform you of this right and you need not talk to me if you do not wish to do so. You do not have to answer any of my questions.

_____ Should you talk to me, anything which you might say in answer to my questions can and will be introduced into evidence in court against you.

_____ If you want an attorney to be present at this time or anytime hereafter, you are entitled to such counsel.
If you cannot afford to pay for counsel, we will furnish you with counsel if you so desire.

_____ Do you wish to have an attorney at this time?

_____ Knowing your rights as I have just related them to you, are you now willing to answer my questions without having an attorney present?

## WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OF COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

_____________________
Signature
Date and Time: 10/2/97
0550 hrs

Witness:_____________________

Witness:_____________________

97-B701/13290

# MIRANDA RIGHTS FORM

L.S. You have a right to remain silent. The Constitution requires that I so inform you of this right and you need not talk to me if you do not wish to do so. You do not have to answer any of my questions.

L.S. Should you talk to me, anything which you might say in answer to my questions can and will be introduced into evidence in court against you.

L.S. If you want an attorney to be present at this time or anytime hereafter, you are entitled to such counsel.
If you cannot afford to pay for counsel, we will furnish you with counsel if you so desire.

L.S. Do you wish to have an attorney at this time?

L.S. Knowing your rights as I have just related them to you, are you now willing to answer my questions without having an attorney present? NO

## WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OF COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

X [signature]
Signature

Date and Time: 8-20-97 12:53pm

Witness: [signature]

Witness: ____________________

# OFFENSE INCIDENT REPORT

Agency ORI: FLO 130800 | Agency Name: CORAL GABLES POLICE DEPT | Agency Report Number: 97-13290

| Reported Day | Date | Time (Mil.) | Dispatch | Arrival | In Service | Incident Day (From) | Date | Time | Day (To) | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| WED | 07-16-97 | 1750 | 1753 | 1759 | 1900 | | 06-05-97 | UNK | | 06-06-97 | UNK |

Incident Location (Street, Apt, City, Zip): 2701 SALZEDO ST CORAL GABLES, FL 33134
Business Name/Area Identifier: BILL USSERY MOTORS
Forced Entry: 0 | Occupancy: 0 | Grid: 204

Offense #1 | Type: 1 | Description: FRAUDULENT USE OF CREDIT CARD | Statute #: 817.481
Offense #2: Auto Theft
Weapon Type: 00 | No. Offenses: 01 | No. Victims: 01 | No. Offenders: 01 | No. Premises Entered: 0 | No. Vehicles Stolen: 0

Offense Indicator: 1 | V/W Code #: V1 | V. Type: 4 | Name: BILL USSERY MOTORS | Race: N/A | Sex: N/A | D.O.B./Age: N/A
Address: 2701 SALZEDO ST. CORAL GABLES, FL 33134
Business Phone: 305 445 8593
Res. Type: 0 | Res. Status: 0 | Injury Extent: 0 | Injury Type(s): 00 | Relationship: 00
Synopsis of Involvement: BUSINESS

Offense Indicator: 1 | V/W Code #: C1 | V. Type: 3 | Name: RODRIGUEZ, RAY | Race: W | Sex: M | D.O.B./Age: N/A
Address: 2701 SALZEDO ST CORAL GABLES FL 33134
Business Phone: 305 445 8593
Res. Type: 1 | Res. Status: 1 | Injury Extent: 0 | Injury Type(s): 00 | Relationship: 02
Synopsis of Involvement: SALES

Offense Indicator | Suspect Code #: S1 | Name: LUMPKIN, RICHARD
Last Known Address: 7242 SW 43 TR MIAMI FL 33155
Business Phone: 644-3719
Race: W | Sex: M | Employer/School: Biscayne | Address: 6805 SW 96 ST
Social Security: 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 | Driver License State/#: FL/L512748553?
D.O.B./Age: 10-16-55 | Height: 5-09 | Weight: 185 | Hair Color: BRN. | Hair Length: SHORT | Hair Style: STRAIGHT | Build: MED | Facial Hair: NONE

| Person Code # | Veh. # | Status | Damage | Type | Year | Make | Model | Style | Tag Reg./Doc. # | Reg. State | Reg. Year | Decal # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S1 | 1 | 9 | 0 | 1 | 96 | PORS | 911 | 2DR | WCW496 | FL | 97 | 13534519 |

Tag Type: MC | VIN/Hull/FAA: WPOCA2990TS341866 | Condition: N/A | Color (Top/Bottom): WHT

Estimated Value: $ | Recovered Value: $

C1 STATED THE FOLLOWING: ON JUNE 3, 1997, S1 PURCHASED THE ABOVE VEHICLE AND LEFT WITH SAID VEH. C1 CALLED S1 AND ADVISED HIM THAT THEY NEEDED AND DOWN PAYMENT OF $2000.00. S1 CALLED BACK ON 6-5 AND 6-6 AND PAID $1000.00 EACH DAY WITH ABOVE LISTED MASTERCARD. ON 7-15-97 V1 WAS NOTIFIED THAT THE CHARGE WAS BEING DISPUTED. NOTE C1 WAS UNABLE TO PROVIDE THE CREDIT CARD OWNER'S NAME. C1 HAS BEEN IN CONTACT WITH S1 AND HE PROMISES TO MAKE PAYMENT BUT HAS NOT DONE SO. (D/L ADDRESS FOR S1 IS 6805 SW 96 ST MIAMI FL 33156

Report Contains: OT
Officer(s) Reporting: WAUGH R | I.D. Number(s): 6386 | Unit: 363 | Date: 07-16-97
Officer Reviewing: [signature] | I.D. Number: 5835
Assigned To: Park assign 7/17

Pg. 1 of 1

Agency ORI # FL0 130200 | Agency Name CORAL GABLES POLICE DEPT

# OFFENSE INCIDENT REPORT

Supp. 2

Agency Report Number: 97-13290

| Reported Day | Date | Time (Mil.) | Dispatch | Arrival | In Service | Incident Day (From) | Date | Time | Day (To) | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FRI | 07-18-97 | 1700 | 1700 | 1700 | 1800 | FRI | 07-15-97 | 1700 | FRI | 07-18-97 | 1800 |

| Incident Location (Street, Apt., City, Zip) | Business Name/Area Identifier | Location Type | Forced Entry | Occupancy | Grid |
|---|---|---|---|---|---|
| 2701 S[illegible] ST. Coral Gables, FL | Bill Ussery Motors | | 00 | 00 | 24 |

| Offense #1 | Type | Description | Attempted A / Committed | Statute # | NCIC/UCR Code | Weapon Type | No. Offenses | No. Victims |
|---|---|---|---|---|---|---|---|---|
| | 1 | [illegible] THEFT AUTO | C | 812.014 | | 00 | 01 | 01 |

| Offense #2 | | No. Offenders | No. Premises Entered | No. Vehicles Stolen |
|---|---|---|---|---|
| | | 01 | 00 | 01 |

| Offense Indicator | V/W Code # | V. Type | Name (Last, First, Middle/Business) | Race | Sex | D.O.B./Age | Residence Phone |
|---|---|---|---|---|---|---|---|
| 1 | V-1 | 4 | Bill Ussery | ~ | ~ | N/A | ( ) 445-8593 |

| Address (Street, Apt., City, State, Zip) | Other Contact Info (Time Available, Interpreter, Etc.) | Business Phone |
|---|---|---|
| 2701 S[illegible] ST C.Gables, FL | | ( ) 445-8593 |

| Res. Type | Res. Status | Injury Extent | Injury Type(s) | Relationship | Ethnicity | (Synopsis of Involvement) |
|---|---|---|---|---|---|---|
| 00 | 00 | 00 | 00 | 00 | | Owner of veh |

| Offense Indicator | V/W Code # | V. Type | Name (Last, First, Middle/Business) | Race | Sex | D.O.B./Age | Residence Phone |
|---|---|---|---|---|---|---|---|
| | | | | | | | ( ) |

| Address (Street, Apt., City, State, Zip) | Other Contact Info (Time Available, Interpreter, Etc.) | Business Phone |
|---|---|---|
| | | ( ) |

| Res. Type | Res. Status | Injury Extent | Injury Type(s) | Relationship | Ethnicity | (Synopsis of Involvement) |
|---|---|---|---|---|---|---|
| | | | | | | |

| Offense Indicator | Suspect Code # | Juvenile | Name (Last, First, Middle) | Maiden Name | Nickname/Streetname | Residence Phone |
|---|---|---|---|---|---|---|
| 1 | S-1 | | U/K | | | ( ) |

| Place of Birth | Last Known Address (Street, Apt., City, State, Zip) | Business Phone |
|---|---|---|
| | | ( ) |

| Race | Sex | Occupation | Employer/School | Address |
|---|---|---|---|---|
| | | | | |

| Social Security # | Driver License State/# | Immigration Naturalization # | Other I.D. # | OBTS # (Arrested) | FCIC/NCIC # |
|---|---|---|---|---|---|
| | | | | | |

| D.O.B./Age | Height | Weight | Eye Color | Hair Color | Hair Length | Hair Style | Build | Complexion | Facial Hair | Teeth | Speech/Voice |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| Special Identifiers | Clothing (Describe) | Scars, Marks, Tattoos (Location, Describe) |
|---|---|---|
| | | |

| Person Code | Veh. # | Status | Damage | Type | Year | Make | Model | Style | Tag Reg./Dec. # | Reg. State | Reg. Year | Decal # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| V-1 | 1 | 1 | 0 | 1 | 96 | Pors | 911 | 2D | DAG3P | FL | 97 | [illegible]05 |

| Tag Type | VIN/Hull/FAA | Condition | Vessel Name | Color (Top/Bottom) | Length | Hull Material | Propulsion |
|---|---|---|---|---|---|---|---|
| PAS | WP0CA2995TS41846 | | | WT | | | |

| Boat Type | Description (Characteristics, Damage, Etc.) | Insurance Company | Lien Holder | Estimated Value |
|---|---|---|---|---|
| | | | | $70,000.00 |

| Recovery Date | Recovery Address/Zone | Recov. Code | Recov. Loc. | Original Reporting Agency | Report No. | Recovered Value |
|---|---|---|---|---|---|---|
| | | | | | | $ |

| Hold YES NO | Reason/Authority | Method of Theft | Components Stripped | Towed By | Storage Location | FCIC/NCIC |
|---|---|---|---|---|---|---|
| | | | | | | 1393 |

| Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity | Name | Brand | Model Name/Number |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Serial Number | Owner Applied No. | Description | Value | Value Recovered | Date Recovered | FCIC/NCIC |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

| Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity | Name | Brand | Model Name/Number |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Serial Number | Owner Applied No. | Description | Value | Value Recovered | Date Recovered | FCIC/NCIC |
|---|---|---|---|---|---|---|
| | | | $ | $ | | |

NARRATIVE

Further investigation has led to additional charges of GTA.
All info provided to FCIC/NCIC ref. GTA.
Have held and notify message placed on veh.
as well. Per CAPS Det. C Thal

ADMINISTRATIVE

| Report Contains | Related Report Number(s) |
|---|---|
| OF | |

| Officer(s) Reporting | I.D. Number(s) | Unit | Date | Officer Reviewing (If Applicable) | I.D. Number |
|---|---|---|---|---|---|
| C Thal | 6858 | Sal | 7/19/97 | [illegible] | 6851 |

| Routed To | Referred To | Assigned To | By | Date | Case Status |
|---|---|---|---|---|---|
| | | DET PARK ASSIG | | 7/19/97 | |

| Clearance Type | Adult A | Date Cleared | Arrest Number | No. Arrested | Exception Type | OBTS Number | Pg. of Pgs. |
|---|---|---|---|---|---|---|---|
| | | | | | | | 1 of 1 |

**NARRATIVE CONTINUATION**

| AGENCY ORI# | AGENCY NAME | ORIG: | JUVENILE: | CASE NO:97-13290 |
|---|---|---|---|---|
| FLO 130200 | CORAL GABLES POLICE DEPT. | SUPP: X | | |

**ORIGINAL DATE REPORTED:** 07-16-97
**CASE REFERENCE: GRAND THEFT AUTO-Bill Ussery**

**PERSONS DATA**

**SUBJECT # 1**

**Correa, Alex**
**W/M 04-11-67**
**6-2 200lbs**
**Hair Blk Eyes Bro**
**LKA 9531 SW 4 St. Miami, Fl.**
**SS# 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**
**Fl. Dl. C60000067131**
**AKA Lumpkin, Richard 10-16-55**

**SUBJECT # 2**

**Sotero, Luis**
**W/M 07-14-72**
**5-7 170**
**Hiar Bro Eyes Bro**
**8320 SW 96 Place Miami, Fl. 33173**
**SS # 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**
**FL. DL. S-360-520-72-254-0**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

On, July 18,1997, this investigator contacted Mr. Hugh Richard Lumpkin in reference to a purchase of a vehicle from Bill Ussery Motors. During the purchase, a Master Card was used on two separate occasions to charge $1,000.00 toward the down payment of the vehicle. A few days later Bill Ussery Motors was notified by Master Card the charges were in dispute by the card owner. Mr. Lumpkin advised me he did not make any such purchase and he did not give anyone permission to make the purchase. Further investigation showed the above listed subject obtained, by unknown means, all of Mr. Lumpkin's personal information. A Florida Driver License was also used in this purchase. Investigation of the license sowed it to be fraudulent. It contained all of Mr. Lumpkin's information including Fl. Dl. number and address. The picture depicted on the license was not Hugh Richard Lumpkin and is believed to be that of Alex Correa.

This investigator contacted Rey Rodriguez the sales person at Bill Ussery Motors. Rodriguez advised me he sold the subject two vehicles (CGPD case # 97-13701and 97-13290)after being referred by Luis Sotero. Rodriguez stated the subject had such great credit the first vehicle(97-13701) was approved to him very quickly. Rodriguez prepared all necessary paper work for the purchase of the vehicle. The subject then was referred to Joseph Todisco, the finance manager, and the sale was finalized by signing all required documents and the vehicle was delivered. Luis Sotero drove the vehicle off the lot following the sale.

Luis Sotero returned a second time. The same type of transaction was requested by Sotero. If the deal would work Sotero advised Rodriguez to call him. The subject's credit continued to show excellent and a second vehicle was approved to him with only a small down payment this time. Rodriguez called Sotero who instructed him to meet near Bird Road and the Turnpike. A meeting place of the International House of Pancakes was agreed and Rodriguez was instructed to bring all the papers necessary to complete the sale. Sotero drove the salesman (in the Mercedes purchase earlier) to an undisclosed address in South West Dade County. At this time, Correa responded from the back yard of 12695 SW 191 Ter. and signed all papers required to complete the sale. Sotero advised he would bring the $2,000.00 owed on the down payment the next day to Bill Ussery Motors. Sotero drove the salesman back to the original meeting place, followed him back to the dealership and took possession of the car. Several day passed and the subject never contacted Rodriguez. Rodriguez advised me he contacted the customer on two occasions, at which time a Master Card credit card number was taken over the telephone as the down payment. This process was repeated the following day for a total of $2,000.00 in charges. At the time of the transactions, Rodriguez said he was not aware the card did not belong

to the customer. A few day later it was brought to Rodriguez attention the credit card charges were being disputed by the card owner. As a result, Rodriguez contacted Luis Sotero at the phone number listed on the subject's application. Sotero told him it must be a mistake and said he would bring him the money. Neither Sotero or Correa showed up to pay the debit. Further attempts to contact them failed due to disconnected numbers.

Follow up investigation led to the recovery of first vehicle obtained fraudulently by Correa (CGPD case 97- 13701, 96 Mercedes 4 Dr. F1HKE, vin: WDBHM36EXTF341319) in front of Sotero's home, 8320 SW 96 Place Miami, Fl. This vehicle was photographed before it was removed. Crime scene was processed at 3870 Shipping Ave. South Land Towing.

Attempts to contact Luis Sotero were made with negative results. Sotero's attorney (Ray Rodriguez,PA) contacted me and advised his client would not answer any questions, but he would surrender if probable cause was established for an arrest.

As of this date, two employees at Bill Ussery Motors (Ramon Salas and Joseph Todisco) have positively identified Alex Correa as the W/M subject who posed as Richard Lumpkin in order to obtain two vehicles from the dealership by the use of fraudulent means. The sales person Ray Rodriguez was unable to Identify the subject.

All attempts to locate the subject have been unsuccessful to this date.

This case is waiting the review of the State attorney's Office in order to obtain an arrest warrant

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 05-27-97

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Suspended** **CLEARANCE TYPE:** **DATE CLEARED:** **EXCEPTION TYPE:**

**NARRATIVE CONTINUATION**

| AGENCY ORI# | AGENCY NAME | ORIG: | JUVENILE: | CASE NO:97-13290 |
|---|---|---|---|---|
| FLO 130200 | CORAL GABLES POLICE DEPT. | SUPP: X | | |

**ORIGINAL DATE REPORTED:** 07-16-97
**CASE REFERENCE: GRAND THEFT AUTO-Bill Ussery**

**PERSONS DATA**

**SUBJECT # 1**

**Correa, Alex**
**W/M 04-11-67**
**6-2 200lbs**
**Hair Blk Eyes Bro**
**LKA 9531 SW 4 St. Miami, Fl.**
**SS# 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**
**Fl. Dl. C60000067131**
**AKA Lumpkin, Richard 10-16-55**

**SUBJECT # 2**

**Sotero, Luis**
**W/M 07-14-72**
**5-7 170**
**Hair Blnd Eyes Bro**
**8320 SW 96 Place Miami, Fl. 33173**
**SS # 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**
**FL. DL. S-360-520-72-254-0**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

On, July 18,1997, this investigator contacted Mr. Hugh Richard Lumpkin in reference to a purchase of a vehicle from Bill Ussery Motors. During the purchase, a Master Card was used on two separate occasions to charge $1,000.00 toward the down payment of the vehicle. A few days later Bill Ussery Motors was notified by Master Card the charges were in dispute by the card owner. Mr. Lumpkin advised me he did not make any such purchase and he did not give anyone permission to make the purchase. Further investigation showed the above listed subject obtained, by unknown means, all of Mr. Lumpkin's personal information. A Florida Driver License was also used in this purchase. Investigation of the license showed it to be fraudulent. It contained all of Mr. Lumpkin's information including Fl. Dl. number and address. The picture depicted on the license was not Hugh Richard Lumpkin and is believed to be that of Alex Correa.

This investigator contacted Rey Rodriguez the sales person at Bill Ussery Motors. Rodriguez advised me he sold the subject two vehicles (CGPD case # 97-13701and 97-13290)after being referred by Luis Sotero. Rodriguez stated the subject had such great credit the first vehicle(97-13701) was approved to him very quickly. Rodriguez prepared all necessary paper work for the purchase of the vehicle. The subject then was referred to Joseph Todisco, the finance manager, and the sale was finalized by signing all required documents and the vehicle was delivered. Luis Sotero drove the vehicle off the lot following the sale.

Luis Sotero returned a second time. The same type of transaction was requested by Sotero. If the deal would work Sotero advised Rodriguez to call him. The subject's credit continued to show excellent and a second vehicle was approved to him with only a small down payment this time. Rodriguez called Sotero who instructed him to meet near Bird Road and the Turnpike. A meeting place of the International House of Pancakes was agreed and Rodriguez was instructed to bring all the papers necessary to complete the sale. Sotero drove the salesman (in the Mercedes purchase earlier) to an undisclosed address in South West Dade County. At this time, Correa responded from the back yard of 12695 SW 191 Ter. and signed all papers required to complete the sale. Sotero advised he would bring the $2,000.00 owed on the down payment the next day to Bill Ussery Motors. Sotero drove the salesman back to the original meeting place, followed him back to the dealership and took possession of the car. Several day passed and the subject never contacted Rodriguez. Rodriguez advised me he contacted the customer on two occasions, at which time a Master Card credit card number was taken over the telephone as the down payment. This process was repeated the following day for a total of $2,000.00 in charges. At the time of the transactions, Rodriguez said he was not aware the card did not belong

to the customer. A few days later it was brought to Rodriguez attention the credit card charges were being disputed by the card owner. As a result, Rodriguez contacted Luis Sotero at the phone number listed on the subject's application. Sotero told him it must be a mistake and said he would bring him the money. Neither Sotero or Correa showed up to pay the debit. Further attempts to contact them failed due to disconnected numbers.

Follow up investigation led to the recovery of first vehicle obtained fraudulently by Correa (CGPD case 97- 13701, 96 Mercedes 4 Dr. F1HKE, vin: WDBHM36EXTF341319) in front of Sotero's home, 8320 SW 96 Place Miami, Fl. This vehicle was photographed before it was removed. Crime scene was processed at 3870 Shipping Ave. South Land Towing.

Attempts to contact Luis Sotero were made with negative results. Sotero's attorney (Ray Rodriguez,PA) contacted me and advised his client would not answer any questions, but he would surrender if probable cause was established for an arrest.

As of this date, two employees at Bill Ussery Motors (Ramon Salas and Joseph Todisco) have positively identified Alex Correa as the W/M subject who posed as Richard Lumpkin in order to obtain two vehicles from the dealership by the use of fraudulent means. The sales person Ray Rodriguez was unable to Identify the subject.

All attempts to locate the subject have been unsuccessful to this date.

This case is CLEARED BY ARREST of subject # 2.

Arrest of subject # 1 is pending.

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 08-15-97

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Suspended** **CLEARANCE TYPE:** **DATE CLEARED:** **EXCEPTION TYPE:**

**NARRATIVE CONTINUATION**

| AGENCY ORI# | AGENCY NAME | ORIG: | JUVENILE: | CASE NO:97-13290 |
|---|---|---|---|---|
| FLO 130200 | CORAL GABLES POLICE DEPT. | SUPP: X | | |

**ORIGINAL DATE REPORTED:** 07-16-97
**CASE REFERENCE: GRAND THEFT AUTO-Bill Ussery**

**PERSONS DATA**

**SUBJECT # 1**

**Correa, Alex**
**W/M 04-11-67**
**6-2 200lbs**
**Hair Blk Eyes Bro**
**LKA 9531 SW 4 St. Miami, Fl.**
**SS# 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**
**Fl. Dl. C60000067131**
**AKA Lumpkin, Richard 10-16-55**

**SUBJECT # 2**

**Sotero, Luis**
**W/M 07-14-72**
**5-7 170**
**Hair Blnd Eyes Bro**
**8320 SW 96 Place Miami, Fl. 33173**
**SS # 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**
**FL. DL. S-360-520-72-254-0**

**INVESTIGATIVE REPORT OF DETECTIVE C. PARK**

On October 22, 1997, this investigator located subject # 1 at the Dade County Metro Justice Bld. when he responded for a scheduled plea hearing. Correa agreed to voluntarily respond to CGPD in reference to the above listed case. The defendant was read Miranda and waived all rights. The defendant refused to answer any questions in reference to this case. Additionally, the defendant refused to provide this investigator with a correct address. Correa stated his address was 10620 SW 15 St. apt # 210 Miami, Fl. This address was found to be fraudulent. The next address he provided was his mother's address. It was determined through interviews with the defendant's mother Alejandro Correa no longer lives at her address, does not receive mail at the address and seldom visits her at the address. Correa refused to provide any further information.

The defendant was arrested and transported to TGK via CGPD processing.

This case is closed by arrest.

**UCR CLASSIFICATION**
**PART ONE OFFENSE**
**MOTOR VEHICLE THEFT**

**REPORT CONTAINS:** Supplement **RELATED REPORT NUMBER(S):**

**OFFICER(S) REPORTING:** Det. C. Park **ID#:** 6858 **UNIT:** 962 **DATE:** 08-15-97

**OFFICER REVIEWING:** **ID#:** **UNIT:** 960 **DATE:**

**CASE STATUS:Closed** **CLEARANCE TYPE:01** **DATE CLEARED:10-22-97** **EXCEPTION TYPE:**

# COMPLAINT/ARREST AFFIDAVIT

S Number: | | | | | | | | | | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☒ Warrant | Jail No. | Police Case No. 97-13290

No. | Agency Code 03 | Municipal P.D. Def. ID No. 97-622 | MDPD Records and ID No. | Court Case No.

DEFENDANT'S NAME (Last, First, Middle): SOTERO, LUIS DAVID | DOB mo/day/yr 02/14/72 | Sex M | Race W | Ethnic | Height 5-7 | Weight 170 | Hair BRO | Eyes BRO

LOCAL ADDRESS (Street, City, State, Zip): 8320 SW 96 PLACE MIAMI, FL 33173 | Phone 595-0266 | Alias

PERMANENT ADDRESS: SAME | Phone | Address Source ☐ Verbal ☐ Voter's I.D. ☒ Driver's License ☐ Other

BUSINESS ADDRESS: SAME | Phone | Occupation SALES | Place of Birth MIAMI DADE, FL

DRIVER'S LICENSE NO. S360-520-72-254-0 | State FL | Social Security No. 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 | Scars, Tattoos, Unique Physical Features NONE

Weapon Seized? Type ☐ Yes ☒ No | Arrest Date mo/day/yr 08/20/97 | Arrest Time 12:50 ☐ A.M. ☒ P.M. | Arrest Location (include name of business) 2801 S. ALHAZENDO ST. CORAL GABLES, FL | GRID

Def. has Concealed Weapons Permit. PERMIT # W- N/A | For Robbery, Burglary, F/A Viol: Suspected history of drug involvement? ☐ Yes ☒ Unk | No. Cases Cleared 04 | Influence of Drugs ☐ Yes ☒ No ☐ Unk. | Influence of Alcoh. ☐ Yes ☒ No ☐ Unk. | Citizenship USA | Resid. Type: ☐ City ☐ Dade ☐ Florida ☐ Out of State

CO-DEFENDANTS (Last, First, Middle): CORREA, ALEX | DOB 04/11/67 | ☐ In Custody ☐ Felony ☐ Juvenile ☒ At Large ☐ Misdemeanor

(Last, First, Middle) | DOB __/__/__ | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

DRUG ACTIVITY: N. N/A, P. Possess, S. Sell, B. Buy, T. Traffic, R. Smuggle, D. Deliver, E. Use, K. Dispense/Distribute, Z. Other, M. Manufacture/Produce/Cultivate | DRUG TYPE: N. N/A, A. Amphetamine, B. Barbiturate, C. Cocaine, E. Heroin, H. Hallucinogen, M. Marijuana, O. Opium/Deriv., P. Paraphernalia/Equipment, S. Synthetic, U. Unknown, Z. Other

SIGNAL: ☐100 ☐150 ☐200 ☐250 ☐300 ☐400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | ☐AC ☐CAPIAS ☐BW ☐FW ☐PWO CIT# | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|
| FRAUDULENT USE OF CREDIT CARD | N | N | 2 | 817.61 | | | 15-1 |
| GRAND THEFT | N | N | 1 | 812.014 | | | |
| BW/DWLS 7066150 | N | N | 1 | 322.34 | | 1000.00 | OF THE CODE OF |
| BW/DWLS 7349860 | N | N | 1 | 322.34 | | 250.00 | CORAL GABLES |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant

On the 20 day of Aug, 19 97 At 12:50 ☐ A.M. ☒ P.M. (Time) 2701 S ALHAZENDO ST. C.G, FL (Location, include name of business)

committed the following violation of law; Narrative: (Be specific) THE ABOVE LISTED DEFENDANT OBTAINED AND USED, WITHOUT THE VICTIM'S PERMISSION, THE VICTIM'S CREDIT CARD NUMBER. THE DEF. USED IT ON TWO OCCASIONS EACH FOR $1000.00. THE CREDIT CARD WAS USED TO SATISFY MONEY OWED TO BILL USSERY MOTORS AS A DOWN PAYMENT FOR A 96 PORSCHE WPOCA2990TS341866. ON BOTH OCCASIONS, THE CREDIT CARD

PAGE 1 OF 2

Hold for Other Agency
Agency ____ Verified by ____

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

Park, Corey
Officer's Name (Print)

[signature]
Officer's Signature

1110 2000 (03)

☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).

Sworn to and subscribed before me, the undersigned authority, this 20 day of AUGUST 97

[signature]
Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof.

# COMPLAINT/ARREST AFFIDAVIT CONTINUATION

| S Number | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☒ Warrant | Jail No | Police Case No. |
|---|---|---|---|
| | | | 97- 13290 |

| No. | Agency Code | Municipal P D Def. ID No. | MDPD Records and ID No. | Court Case No. |
|---|---|---|---|---|
| | 03 | 97-622 | | |

| DEFENDANT'S NAME Last | First | Middle | DOB mo/day/yr |
|---|---|---|---|
| SOTEAO | LUIS | DAVID | 07/14/72 |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT # | VIOLATION OF SECT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | OF THE CODE OF |

NUMBER WAS GIVEN VERBALLY BY THE DEF. TO THE SALES PERSON FROM BILL USSERY MOTORS. [redacted] AS A RESULT OF THE CREDIT CARD TRANSACTION, $2,000.00 WAS OBTAINED AND USED TO SATISFY THE OUTSTANDING DEBIT OWED TO BILL USSER MOTORS BY CO-DEF ALEX CORREA (AKA RICHARD LUMPKIN).

PAGE 2 OF 2

Hold for Other Agency
Agency __________ Verified by __________

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

Rick Carey
Officer's Name (Print)

[signature]
Officer's Signature

CRD 6858 (03)

☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority, this 20 day of AUGUST 19 97

[signature]
Deputy of the Court or Notary Public
15227

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof

Signature of Defendant / Juvenile and Parent or Guardian

# COMPLAINT/ARREST AFFIDAVIT

BTS Number | [x] Felony [ ] Misdemeanor [ ] Traffic [ ] Juvenile [ ] Warrant | Jail No | Police Case No. 97-13290

OS No | Agency Code 03 | Municipal P.D. Def. ID No 97-987 | MDPD Records and ID No. | Court Case No

DEFENDANT'S NAME (Last, First, Middle): CORREA, ALEJANDRO | DOB mo/day/yr 04/11/67 | Sex M | Race W | Ethnic | Height 5'11" | Weight 200 | Hair BRO | Eyes BRO

LOCAL ADDRESS (Street, City, State, Zip): REFUSED | Phone | Alias

PERMANENT ADDRESS (Street, City, State, Zip) | Phone | Address Source [x] Verbal [ ] Voter's I.D. [ ] Driver's License [ ] Other

BUSINESS ADDRESS (Street, City, State, Zip) | Phone | Occupation SALES | Place of Birth COLUMBIA

DRIVER'S LICENSE NO | State | Social Security No 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 | Scars, Tattoos, Unique Physical Features

Weapon Seized? Type [ ] Yes [x] No | Arrest Date mo/day/yr 01-22-97 | Arrest Time 1000 [x] A.M. [ ] P.M. | Arrest Location (include name of business) 2801 SALZEDO ST. CORAL GABLES, FL | GRID

If Def. has Concealed Weapons Permit. PERMIT # W- | For Robbery, Burglary, F/A Viol: Suspected history of drug involvement? [ ] Yes [x] Unk | No. Cases Cleared | Influence of Drugs [ ] Yes [ ] No [x] Unk. | Influence of Alcoh. [ ] Yes [ ] No [x] Unk. | Citizenship | Resid. Type: [ ] City [x] Dade [ ] Out of [ ] Florida [ ] State

CO-DEFENDANTS (Last, First, Middle):
1. SOTERO, LUIS | DOB mo/day/yr 02/24/72 | [x] In Custody [ ] Felony [ ] Juvenile [ ] At Large [ ] Misdemeanor
2. | DOB mo/day/yr __/__/__ | [ ] In Custody [ ] Felony [ ] Juvenile [ ] At Large [ ] Misdemeanor

DRUG ACTIVITY: N. N/A, P. Possess, S. Sell, B. Buy, T. Traffic, R. Smuggle, D. Deliver, E. Use, K. Dispense/Distribute, Z. Other, M. Manufacture/Produce/Cultivate | DRUG TYPE: N. N/A, A. Amphetamine, B. Barbiturate, C. Cocaine, E. Heroin, H. Hallucinogen, M. Marijuana, O. Opium/Deriv., P. Paraphernalia/Equipment, S. Synthetic, U. Unknown, Z. Other

SIGNAL: [ ]100 [ ]150 [ ]200 [ ]250 [ ]300 [ ]400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | [ ] AC [ ] CAPIAS [ ] BW [ ] FW [ ] PWD CIT# | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|
| 1. USE OF FICTICIOUS FL. D. LICENSE | N | H | 1 | 322.212 | | | 15-1 |
| 2. UTTERING FORGED INSTRUMENTS | N | H | 13 | 831.02 | | | |
| 3. INSURANCE FRAUD | N | H | 1 | 817.234(1.4)3 | | | |
| OBTAIN VEHICLE 4. WITH INTENT TO DEFRAUD | N | H | 1 | 817.52 | | | OF THE CODE OF CORAL GABLES |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant

On the 03 day of JUNE, 19 97 At 1000 [x] A.M. [ ] P.M. (Time) BILL USSERY MOTORS 300 ALMERIA AV. CORAL GABLES (Location, include name of business)

committed the following violation of law: Narrative: (Be specific) THE ABOVE LISTED DEF. PROVIDED A FICTICIOUS FLORIDA DRIVER LICENSE (#L512-748-55-376-0) TO VICTIM, BILL USSERY MOTORS, A PROOF OF IDENTIFICATION FOR THE PURCHASE OF A 1996 PORSCHE, 911, WPOCA2990TS341866. THE DEF., WHILE ASSUMING THE IDENTITY OF RICHARD H. LUMPKIN, ADDITIONALLY PROVIDED THE NAME, ADDRESS, DATE OF BIRTH,

PAGE 1 OF 2

Hold for Other Agency
Agency __________ Verified by __________

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

[signature]
Officer's Name (Print)
[signature]
Officer's Signature
[signature] 6858 03

[ ] HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).

Sworn to and subscribed before me, the undersigned authority, this 22 day of OCT, 19 97

[signature] 6396
Deputy of the Court or Notary Public

[ ] I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

[ ] You need not appear in court, but must comply with the instructions on the reverse side hereof.

COMPLAINT/ARREST AFFIDAVIT CONTINUATION

| OTS Number | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No. | Police Case No 97-13290 |
|---|---|---|---|
| S No | Agency Code 03 | Municipal P.D. Def. ID No. 97-587 | MDPD Records and ID No | Court Case No. |
| DEFENDANT'S NAME Last First Middle: CORREA, ALEJANDRO | | DOB mo/day/yr 4/11/67 | |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | C AC C CAPIAS C BW C FW C PW C CIT # | VIOLATION OF SECT |
|---|---|---|---|---|---|---|
| GRAND THEFT (AUTO) | N | N | 1 | 812.014 | | 15-1 |
| OBTAIN FICTICIOUS AUTO REGISTRATION | N | N | 1 | 319.33(4) | | |
| | | | | | | OF THE CODE OF CORAL GABLES |

TELEPHONE NUMBER AND SOCIAL SECURITY NUMBER OF THE VICTIM (LUMPKIN) TO BILL USSERY MOTORS AS SUPPLEMENTARY REQUIRED INFORMATION TO FULLY PURCHASE THE PREVIOUSLY MENTIONED VEHICLE (WITH INTENT TO DEFRAUD). THE PURCHASE ALSO REQUIRED PROOF OF STATE REQUIRED AUTO INSURANCE. THE DEFENDANT PROVIDED BILL USSERY MOTORS WITH AN INSURANCE POLICY FROM PROGRESSIVE EXPRESS INS. CO. #20206977-0 IN THE NAME OF THE VICTIM (LUMPKIN), FRAUDULENT ADDRESS AND A HOME/WORK PHONE NUMBER THAT IS A DISCONNECTED CELLULAR ACCOUNT. ADDITIONALLY, THE DEF. SIGNED, IN THE NAME OF RICHARD LUMPKIN, ALL REQUIRED DOCUMENTS TO FINALIZE THE LEASE WITH MERCEDES BENZ CREDIT CORPORATION AND TAKE POSSESSION OF THE SAID VEHICLE (A TOTAL OF 12 DOCUMENTS).

THE DEFENDANT THEN, WITH FULL KNOWLEDGE AND INTENT TO DEPRIVE THE VICTIM EITHER TEMPORARILY OR PERMANENTLY OF THEIR PROPERTY, TOOK POSSESSION OF THE VEHICLE AND DROVE IT FROM BILL USSERY MOTORS.

PAGE 2 OF 3

Hold for Other Agency

Agency ________ Verified by ________

I Swear that the above Statement is correct and true to the best of my knowledge and belief

[signature] Officer's Name (Print)

[signature] Officer's Signature

CGPD Department Name    6358 03 Court ID Number/Loc Code

☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority this 22 day of Oct, 1997

[signature] 6396 Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof

Signature of Defendant / Juvenile and Parent or Guardian

# COMPLAINT/ARREST AFFIDAVIT CONTINUATION

| | | | | |
|---|---|---|---|---|
| BTS Number | Felony [x] Misdemeanor [ ] Traffic [ ] Juvenile [ ] Warrant [ ] | Jail No. | Police Case No 97-13290 | |
| OS No | Agency Code 03 | Municipal P.D. Def ID No. 97-987 | MDPD Records and ID No. | Court Case No |
| DEFENDANT'S NAME Last First Middle: CORREA ALEJANDRO | | DOB mo/day/yr 4/11/67 | | |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT # | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | OF THE CODE OF |

FINALLY, THE DEFENDANT, IN FURTHER ATTEMPT TO DISGUISE THE INCIDENT, RESPONDED TO TROPICAL AUTO TAG AGENCY AND TRANSFERED THE ASSIGNED TAG FOR FL. PAG3P REGISTERED IN THE NAME OF MERCEDES BENZ CREDIT CORP C/O LUMPKIN. THEREBY OBTAINING A FICTITIOUS REGISTRATION.

ALL OF THE ABOVE WAS DONE WITHOUT THE PERMISSION OR KNOWLEDGE OF THE VICTIM RICHARD H. LUMPKIN.

NO PAYMENTS WERE MADE TO THE LIEN HOLDER

DEF. REFUSED TO GIVE A CORRECT ADDRESS AND ADMITTED THE ADDRESS HE PROVIDED WAS FALSE (10620 SW 15 ST. #210)

DEF. ARRESTED AND TRANSPORTED TO TGK

PAGE 3 OF 3

Hold for Other Agency

Agency ______ Verified by ______

I Swear that the above Statement is correct and true to the best of my knowledge and belief

Officer's Name (Print): [signature]

Officer's Signature: [signature] 6858 03

☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me the undersigned authority, this 22 day of Oct, 19 97

[signature] 4638

Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court but must comply with the instructions on the reverse side hereof

Signature of Defendant / Juvenile and Parent or Guardian

97-13701 / 97-13290

# MIRANDA RIGHTS FORM

_____ You have a right to remain silent. The Constitution requires that I so inform you of this right and you need not talk to me if you do not wish to do so. You do not have to answer any of my questions.

_____ Should you talk to me, anything which you might say in answer to my questions can and will be introduced into evidence in court against you.

_____ If you want an attorney to be present at this time or anytime hereafter, you are entitled to such counsel.
If you cannot afford to pay for counsel, we will furnish you with counsel if you so desire.

_____ Do you wish to have an attorney at this time?

_____ Knowing your rights as I have just related them to you, are you now willing to answer my questions without having an attorney present?

## WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OF COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

______________________
Signature

Date and Time: 10/24/97
0950 hrs

Witness: ______________________

Witness: ______________________

97-13701/13290

# MIRANDA RIGHTS FORM

L.S. You have a right to remain silent. The Constitution requires that I so inform you of this right and you need not talk to me if you do not wish to do so. You do not have to answer any of my questions.

L.S. Should you talk to me, anything which you might say in answer to my questions can and will be introduced into evidence in court against you.

L.S. If you want an attorney to be present at this time or anytime hereafter, you are entitled to such counsel.
If you cannot afford to pay for counsel, we will furnish you with counsel if you so desire.

L.S. Do you wish to have an attorney at this time?

L.S. Knowing your rights as I have just related them to you, are you now willing to answer my questions without having an attorney present? NO

## WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OF COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

X [signature]
Signature
Date and Time: 8-20-97 12:53pm

Witness: [signature]

Witness: ____________________


FLORIDA
The Sunshine State
10-16-55 M 5-09
ISSUED 10-16-1992
EXPIRES 10-16-1999
L512-748-55-376-0
CLASS: E
SAFE DRIVER
DUPLICATE DATE 00-00-0000



1



2



3



4



5



6

Photo Display Folder
(1¾ x 2¼)
MDPD 033.05 01-101


1


2


3


4


5


6

Photo Display Folder
(1¾ x 2¼)
MDPD 033.05.01-101



1



2



3



4



5



6

Photo Display Folder
(1¾ x 2¼)

ICE OF THE STATE ATTORNEY
11TH JUDICIAL CIRCUIT

KATHERINE FERNANDEZ RUNDLE
STATE ATTORNEY

INTER-OFFICE MEMORANDUM

O: COREY PARK
003-06858
CORAL GABLES P.D.

DATE: 07/23/98

M: WILLIAM SHEPHERD
ASSISTANT STATE ATTORNEY
FELONY DIVISION

RE: CASE DISPOSITION REPORT
DEFENDANT LUIS SOTERO
COURT# F97026773A
JUDGE BARBARA LEVENSON
POLICE# 9713290

E ABOVE CASE WAS CLOSED ON 07/21/98 WITH THE FOLLOWING CASE DISPOSITION:

OTAL SENTENCE: 18.00M
LOCATION: FLA DPT OF CORRECTIONS

PROBATION: 5Y PROBATION
FROM/TO: 01/21/00 TO 01/20/05

CASE DISPO: PLED NO CONTEST BF TRIAL
REASON:

RESTITUTION: $ 0.00
FINES: $ 0.00
COSTS: $ 256.00

STATE : PLEA OFFR/NEGOTIATION(1-STATE,2-COURT) FOR ____ (#YRS,MTHS)
1/_ : MINIMUM/MANDATORY: NOT CHARGED-NOT FILED/
NC : RESTITUTION (Y-YES,N-NO,C-ORDERED)
WITHIN : SENTENCING GUIDELINES(1-WITHIN,2-BELOW,3-ABOVE) FOR ___ PTS

NO : HABITUAL OFFENDER (N-NO,R-REVIEW,V-VARIES(FROM GUIDELINES))
_________ : CAREER CRIMINAL CATEGORY(A,B,C,L-LIFE,S-STATUTORY)
_______ : SENTENCED AS A CAREER CRIMINAL(N-NO,R-REGULAR,V-VIOLENT)

ADDITIONAL: SEE ATTACHED MEMO.
CASE INFO:

COPY

VICTIM TYPE: ADULT-STRANGERS

NTAKE ATTY: MARIA VIDAKIS
RREST OFCR: COREY PARK 003-06858 CORAL GABLES P.D.

| HARGES (1ST TEN) | DISPOSITION | SENTENCE |
|---|---|---|
| RGANIZED FRAUD/50K+ | CONV PROB/SPLIT SENT | 18.00M |
| RAND THEFT 2ND DEG | CONV PROB/SPLIT SENT | 18.00M |
| RAND THEFT 2ND DEG | CONV PROB/SPLIT SENT | 18.00M |
| RAND THEFT 2ND DEG | CONV PROB/SPLIT SENT | 18.00M |
| EH TITLE/POSN/FRAUD | CONV PROB/SPLIT SENT | 18.00M |
| EH TITLE/POSN/FRAUD | CONV PROB/SPLIT SENT | 18.00M |
| REDIT CARD/100+ | CONV PROB/SPLIT SENT | 18.00M |
| REDIT CARD/100+ | CONV PROB/SPLIT SENT | 18.00M |
| RD THFT/3D/300+/-5K | CONV PROB/SPLIT SENT | 18.00M |
| RD THFT/3D/300+/-5K | CONV PROB/SPLIT SENT | 18.00M |

_____ : COMMENTS ATTACHED (YES/NO)
_____ : APPEARANCE AT PAROLE COMMISSION NECESSARY (Y-YES,N-NO)

ATTORNEY: William N Shepherd ATTY #: 88668 DATE: 7/24/98
APPROVED BY: ATTY #: 561341 DATE: 8/3/98

ICE OF THE STATE ATTORNEY
11TH JUDICIAL CIRCUIT

STATE ATTORNEY

INTER-OFFICE MEMORANDUM

DATE: 06/11/98

TO: COREY PARK
003-06858
CORAL GABLES P.D.

COPY

OM: WILLIAM SHEPHERD
ASSISTANT STATE ATTORNEY
FELONY DIVISION

RE: CASE DISPOSITION REPORT
DEFENDANT ALEX CORREA
COURT# F97026773B
JUDGE BARBARA LEVENSON
POLICE# 9713290

E ABOVE CASE WAS CLOSED ON 06/08/98 WITH THE FOLLOWING CASE DISPOSITION:

OTAL SENTENCE: NONE
LOCATION:

PROBATION: NONE
FROM/TO:

CASE DISPO: NOLLE PROS BEFORE TRIAL
REASON:

RESTITUTION: $ 0.00
FINES: $ 0.00
COSTS: $ 0.00

_____ : PLEA OFFER/NEGOTIATION(1-STATE,2-COURT) FOR ____ (YRS,MTHS)
1/_ : MINIMUM/MANDATORY: NOT CHARGED-NOT FILED/
_____ : RESTITUTION (Y-YES,N-NO,O-ORDERED)
_____ : SENTENCING GUIDELINES(1-WITHIN,2-BELOW,3-ABOVE) FOR ___ PTS

_____ : HABITUAL OFFENDER (N-NO,R-REVIEW,V-VARIES(FROM GUIDELINESS))
_____ : CAREER CRIMINAL CATEGORY(A,B,C,L-LIFE,S-STATUTORY)
_____ : SENTENCED AS A CAREER CRIMINAL(N-NO,R-REGULAR,V-VIOLENT)

ADDITIONAL: DEFT FACES LIFE IN FED PRISON, INDICTED ON DRUG TRAFFIC
CASE INFO: KING THIS WAS DONE IN COOPERATION W/AUSA DAVID CORA

VICTIM TYPE: BUSINESS, STATE AGENCY

NTAKE ATTY: ERROL PORTMAN
RREST OFCR: COREY PARK 003-06858 CORAL GABLES P.D.

| HARGES (1ST TEN) | DISPOSITION | SENTENCE |
|---|---|---|
| ORGANIZED FRAUD/50K+ | NOLLE PROS-PROS USAO | |
| GRAND THEFT 2ND DEG | NOLLE PROS-PROS USAO | |
| GRAND THEFT 2ND DEG | NOLLE PROS-PROS USAO | |
| GRAND THEFT 2ND DEG | NOLLE PROS-PROS USAO | |
| VEH TITLE/PCSN/FRAUD | NOLLE PROS-PROS USAO | |
| VEH TITLE/PCSN/FRAUD | NOLLE PROS-PROS USAO | |
| OL/PCSN OF FALSE | NOLLE PROS-PROS USAO | |
| UTTER FORGED INSTRU | NOLLE PROS-PROS USAO | |
| UTTER FORGED INSTRU | NOLLE PROS-PROS USAO | |

_____ : COMMENTS ATTACHED (YES/NO)
_____ : APPEARANCE AT PAROLE COMMISSION NECESSARY (Y-YES,N-NO)

ATTORNEY: ________________ ATTY #: ________ DATE: 6/15/98
APPROVED BY: ________________ ATTY #: 561311 DATE: ________

FICE OF THE STATE ATTORNEY
11TH JUDICIAL CIRCUIT

STATE ATTORNEY

INTER-OFFICE MEMORANDUM

TO: COREY PARK
003-06858
CORAL GABLES P.D.

DATE: 06/11/98

FROM: WILLIAM SHEPHERD
ASSISTANT STATE ATTORNEY
FELONY DIVISION

COPY

RE: CASE DISPOSITION REPORT
DEFENDANT ALEX CORREA
COURT# F97033906
JUDGE BARBARA LEVENSON
POLICE# 9713701

THE ABOVE CASE WAS CLOSED ON 06/09/98 WITH THE FOLLOWING CASE DISPOSITION:

TOTAL SENTENCE: NONE
LOCATION:

PROBATION: NONE
FROM/TO:

CASE DISPO: NOLLE PROS BEFORE TRIAL
REASON:

RESTITUTION: $ 0.00
FINES: $ 0.00
COSTS: $ 0.00

PLEA OFFER/NEGOTIATION(1-STATE,2-COURT) FOR ____ (#YRS,MTHS)
1/ MINIMUM/MANDATORY: NOT CHARGED-NOT FILED/
RESTITUTION (Y-YES,N-NO,O-ORDERED)
SENTENCING GUIDELINES(1-WITHIN,2-BELOW,3-ABOVE) FOR ___ PTS

HABITUAL OFFENDER (N-NO,R-REVIEW,V-VARIES(FROM GUIDELINESS))
CAREER CRIMINAL CATEGORY(A,B,C,L-LIFE,S-STATUTORY)
SENTENCED AS A CAREER CRIMINAL(N-NO,R-REGULAR,V-VIOLENT)

ADDITIONAL: DEFT FACES LIFE IN FED PRISON, INDICTED ON DRUG TRAFFIC
CASE INFO: KING THIS WAS DONE IN COOPERATION W/AUSA DAVID CORA

VICTIM TYPE: BUSINESS & STATE AGENCY

INTAKE ATTY: ERROL PORTMAN
ARREST OFCR: COREY PARK 003-06358 CORAL GABLES P.D.

| CHARGES (1ST TEN) | DISPOSITION | SENTENCE |
|---|---|---|
| UL/POSN OF FALSE | NOLLE PROS-PROS USAO | |
| UTTER FORGED INSTRU | NOLLE PROS-PROS USAO | |
| GRAND THEFT 2ND DEG | NOLLE PROS-PROS USAO | |
| VEH TITLE/POSN/FRAUD | NOLLE PROS-PROS USAO | |

_____ : COMMENTS ATTACHED (YES/NO)
_____ : APPEARANCE AT PAROLE COMMISSION NECESSARY (Y-YES,N-NO)

ATTORNEY: [signature] ATTY #: 68148 DATE: 6/16/98
APPROVED BY: [signature] ATTY #: 565511 DATE: 6/26/98

XX IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person<br>(En Espanol al Dorso) (Francis Au Verso) | CASE NUMBER<br>00-13748 CA 22 |
|---|---|---|
| PLAINTIFF(S)<br>Alejandro CORREA | VS. DEFENDANT(S)<br>Mercedes-Benz Credit Corp.; Mercedes-Benz of North America Inc.; Bill Ussery Motors Inc.; Toyota of Homestead Inc.; Avanti Powerboats Inc.; All County Recovery Inc.; The City of Coral Gables; Coral Gables Police Dpt., et al. | CLOCK IN |

| To Defendant(s): | Address: |
|---|---|
| THE CITY OF CORAL GABLES<br>RAUL VALDES-FAULI, MAYOR | 405 Biltmore Way<br>Coral Gables, FL 33134 |

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file with the clerk of this court,, a written response to the attached Complaint. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may loose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away.

**If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).**

If you choose to file a written response yourself, you must at the same time mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below and file your response to the Court, located at:

Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

ANTHONY ROMANO
C. P. S. #544
11th JUDICIAL CIRCUIT
12-20-00
12:35 Pm

Additional Court locations are printed on the back this form.

| Plaintiff/Plaintiff Attorney | Address: |
|---|---|
| Rhonda A. Anderson, Esq.<br>Florida Bar No. 708038 | Rhonda A. Anderson, P.A.<br>2222 Ponce De Leon Blvd., Suite 500<br>Coral Gables, FL 33134 |

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this on the above named defendant.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: R. GALANO 6963<br>DEPUTY CLERK | DEC 19 2000<br>DATE |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**

In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis D. Pettigrew, no later than 7 days prior to the proceedings at (305) 375-2006 (voice), or (305) 375-2007 (TDD).

CLK/CT 70 Rev. 03/95

ATTACHMENT / EXHIBIT D

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
GENERAL JURISDICTION DIVISION

Alejandro CORREA,
*Plaintiff*

v.

The following persons both individually and in their official capacities:

Mercedes-Benz Credit Corporation;
Mercedes-Benz of North America Inc.;
Bill Ussery Motors Inc.;
Toyota of Homestead Inc.;
Avanti Powerboats Inc.;
All County Research & Recovery Inc.;
The City of Coral Gables;
Coral Gables Police Department;
Francisco AVILA;
Joe CARRILLO;
Robert DUARTE;
Arturo HERNANDEZ;
Detective Corey PARK, CGPD;
Jorge RODRIGUEZ;
Reynaldo RODRIGUEZ;
Ricardo RODRIGUEZ;
Luis SOTERO;
Bill SHEPHERD; and,
Joe TODISCO,
*Defendants*

00-13748 CA22

Judge KAYE

ORIGINAL FILED JUN - 1 2000 HARVEY RUVIN CLERK

COMPLAINT

COMES NOW the Plaintiff, Alejandro CORREA, and by and through the undersigned for his complaint against the Defendants makes as follows:

*JURISDICTION AND VENUE*

1. This is an action for damages in excess of $15,000, within the jurisdictional amount of this Court.

2. This is an action under the laws of Florida and 42 U.S.C. § 1983, within the subject matter jurisdiction of this Court.

3. One or more Defendants resides or has his chief place of business within Miami-Dade County, and also a substantial part of the events or omissions complained of occurred within Miami-Dade County, such that venue lies in the Eleventh Judicial Circuit of Florida.

4. All conditions precedent to the commencement and maintenance of this action have occurred or been performed.

*THE PARTIES*

5. Plaintiff Alejandro CORREA is an adult resident of the State of Florida and of Miami-Dade County.

6. All corporate Defendants are either organized under the laws of Florida or are foreign corporations lawfully admitted to do business in Florida.

7. All Defendant bodies politic and their agencies, officials, employees, and agents have their headquarters and/or offices for the regular transaction of business within Miami-Dade County.

8. All Defendants who are natural persons are, or were at all times relevant, adult residents of the State of Florida and of Miami-Dade County.

*THE FACTS*

9. On or about 28 May 1997, AVILA and SOTERO arrived at Bill Ussery Motors to attempt to buy or lease an automobile.

10. AVILA identified himself as Richard Lumpkin and at some point produced a false Florida driver license in that name, and with all other correct information pertaining to Mr. Lumpkin, but with AVILA'S photograph on it.

11. In fact, Richard Lumpkin was and is a Member in Good Standing of The Florida Bar and is an employee or partner at a well-known firm in the Miami area, but suffered the misfortune of having his driver license stolen or mislaid, whereafter it found its way to AVILA.

12. RODRIGUEZ, who was at the time a salesman employed by Bill Ussery, took AVILA'S credit application for a Mercedes-Benz C-36, VIN WDBHM36EXTF341319, leased in the name of Mr. Lumpkin.

13. This application was addressed to Mercedes-Benz Credit Corporation.

14. RODRIGUEZ escorted AVILA to TODISCO, the finance manager of Bill Ussery, and AVILA signed the application, as well as the buyer's order, insurance, and temporary tag papers, in TODISCO'S presence.

15. All the while, AVILA knowingly was fraudulently using the identity of Mr. Lumpkin, who had such excellent credit that the deal was swiftly approved.

16. AVILA took delivery of the C-36 and drove away in it the same day.

17. On or about 03 June 1997, AVILA and possibly SOTERO returned to Bill Ussery, claiming they were so satisfied with the prior experience that they wished to buy or lease another vehicle.

18. Using the same stolen identity as before, and the same procedure with Mercedes-Benz Credit Corporation, RODRIGUEZ and TODISCO, AVILA purchased a 1996 Porsche 911, VIN WP0CA2990TS341866, and drove away in said 911.

19. AVILA paid the deposit or inception money with a MasterCard account number that he knew was not his and that he knew he did not have permission to use.

20. In fact, that MasterCard belonged to Andrew Horn, who like Mr. Lumpkin also happens to be a lawyer, and who had no knowledge that someone was wrongfully using his card until two mysterious charges, of $1,000.00 each, to Bill Ussery showed up on his statement, whereupon Mr. Horn had them removed.

21. Using the same stolen identity, AVILA and possibly SOTERO arrived at Avanti Powerboats Inc. on or about 11 June 1997 to lease or purchase a boat.

22. AVILA filled out a loan application in the presence of DUARTE, Avanti's finance director, for a loan (net of down payment) of $66, 773.10.

23. The lending financial institution approved the loan within 48 hours on Mr. Lumpkin's credit.

24. AVILA and possibly SOTERO took delivery of the boat, a 1998 Avanti 31 OF hull number ERQ312076798, with two Mercury 250 outboard engines serial numbers OG351707 and OG331657, and the boat has not been seen since.

25. Neither AVILA nor SOTERO nor anyone else ever made payments on the boat, such that under the terms of their financing agreement with the lending institution, Avanti Powerboats has to pay for the boat, and Avanti Powerboats has been unable to locate the boat or repossess it.

26. Toyota of Homestead also charged CORREA falsely with using a different Social Security number to purchase a T-100 pickup truck under his name, when in fact it was the dealership manager and personnel who, in order to not have to ask CORREA to return

his newly purchased vehicle and return CORREA his down payment, substituted a different SSN without CORREA'S knowledge.

27. In the criminal investigation that followed, PARK for no good reason suspected CORREA in the misdeeds above, closing his eyes to the facts.

28. During his investigation PARK was contacted by All County Research & Recovery, whom Mercedes-Benz of North America and Mercedes-Benz Credit Corporation.

29. CARRILLO, employee or officer of All County Research & Recovery, informed PARK of a possible connection between SOTERO and CORREA.

30. However, that connection had no basis in fact, because PARK purposely overlooked that CORREA'S past lease of a Mercedes-Benz under his mother's name had no modus operandi in common with the present case of using a false and fictitious driver license and SSN to buy cars and boats.

31. Additionally, the Luis Navarro listed on CORREA'S mother's application was not Luis SOTERO as PARK purposely in total disregard of CORREA'S constitutional rights alleged in order to support the charges against CORREA.

32. Moreover, CORREA made payments on the Mercedes-Benz leased under his mother's name, whereas SOTERO and AVILA never made payments on any of the cars or boat leased or purchased.

33. PARK obtained a photocopy of the false driver license from Bill Ussery, who as a matter of course photocopies identification that potential purchasers produce.

34. The photocopy picture bears absolutely no resemblance to CORREA other than that the photograph's subject is Latino (male of Hispanic origin).

35. PARK had the means of determining that CORREA was either in Mexico or was in Krome Detention Center awaiting deportation on the days in question, but deliberately decided not to explore any reasonable theories of innocence.

36. DUARTE, RODRIGUEZ, and TODISCO each spent hours with AVILA and knew what he looked like.

37. Nevertheless, PARK, DUARTE, and TODISCO all identified the fraudulent identification user, unreasonably and manifestly incorrectly, as CORREA instead of AVILA.

38. PARK was at the time a detective of the Coral Gables Police Department, such that he was acting under color of state law.

39. PARK'S actions amounted to a deprivation of CORREA'S constitutional right to be free from cruel and unusual punishment and right not to be deprived of liberty without due process of law.

40. The City of Coral Gables and the Coral Gables Police Department have, or had at the time, the policy or custom of depriving persons of their civil rights in a manner similar to CORREA'S case in order to claim they were arresting more suspects and solving more crimes.

41. CORREA is 6 feet tall, is of slender build, and weighs no more than 200 pounds.

42. PARK and CARRILLO therefore knew CORREA did not fit the physical description of AVILA who is 5'8" to 5'10" and 170 pounds with big nostrils.

43. Notwithstanding all of the foregoing, PARK arrested CORREA without probable cause and charged him with numerous offenses, also without probable cause, even though CORREA continuously claimed his innocence.

44. Mercedes-Benz Credit Corporation hired All County Research & Recovery Inc. to attempt to recover the 911 and possibly the C-36.

45. SOTERO by unknown means learned of the recovery attempt and who was undertaking it.

46. CARRILLO, employee or officer of All County Research & Recovery, received 2 phone calls on or about 02 August 1997 from someone claiming to be "Alex" who stated that CARRILLO would never find the 911, or the caller.

47. The caller threatened CARRILLO'S life during one or both calls.

48. CARRILLO incorrectly and unreasonably assumed the caller to be CORREA.

49. CARRILLO the same day wrote to Ray Rodriguez Esq., who CARRILLO knew was representing SOTERO, and published to Mr. Rodriguez that "Alex" had made a death threat, such that Mr. Rodriguez could not have reasonably inferred that "Alex" was anyone other than CORREA.

50. CARRILLO also filed a police report charging CORREA with threatening to kill him.

51. SHEPHERD, who is an Assistant State Attorney of the Eleventh Judicial Circuit, swore out a knowingly false affidavit, or unreasonably relied on false information, that CORREA had committed crimes in order to prosecute him.

52. Among the false information relied on was the claim of Ricardo RODRIGUEZ and Jorge RODRIGUEZ that Ricardo RODRIGUEZ had acted as a bondsman to get CORREA out of jail, even though SHEPHERD knew that Ricardo RODRIGUEZ was a convicted felon and could not possibly have been a bondsman.

53. After a full and fair investigation, all criminal charges against CORREA relating to the foregoing incidents were dropped, dismissed, nolle-prossed, or otherwise not proceeded with, on grounds that CORREA was innocent of them.

*COUNT I: VIOLATION OF CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did conspire to willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT III: FALSE IMPRISONMENT*

The facts as pleaded above establish that each and every Defendant did willfully and wantonly imprison the Plaintiff falsely, or cause the Plaintiff to be imprisoned falsely, in the Miami-Dade County Department of Corrections, such that the Defendants are jointly and severally liable for money damages.

*COUNT IV: DEFAMATION PER SE, SLANDER, AND LIBEL*

The facts as pleaded above establish that each and every Defendant did willfully, wantonly, maliciously, and knowingly publish to one or more third persons materially false charges that the Plaintiff had committed one or more crimes of moral turpitude, including but not limited to: grand theft motor vehicle, fraud, stalking, aggravated stalking, assault, criminal mischief, and use of a false driver license, such that the Defendants are jointly and severally liable for money damages.

*DEMAND FOR JUDGMENT*

WHEREFORE the Plaintiff, Alejandro CORREA, deems himself entitled to compensatory damages from the Defendants in their individual capacities of more than $15,000.00 (fifteen thousand dollars) on each count, and punitive damages from the Defendants in their individual capacities in an amount sufficient to punish the Defendants for past wrongdoing and deter others from the same conduct in the future, and an injunction forbidding all Defendants in their official capacities from ever again violating the Plaintiff's civil rights, on pain of contempt of court; and, such other and further relief as this honorable Court deems just and appropriate.

*DEMAND BY INDORSEMENT FOR JURY TRIAL*

The Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

CHRIS LIVINGSTON Esq., Counsel for the Plaintiff
Fla. Bar No. 134899
1525 NE 125th St, Suite 208
North Miami, Florida 33161
Phone/fax: (305) 981-0500
Cell: (305) 989-4446
Email: chrisatty@hotmail.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO CORREA,

Plaintiff,

vs.

The following persons both individually and in their official capacities: MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA, INC.; BILL USSERY MOTORS, INC.; TOYOTA OF HOMESTEAD, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; and JOE TODISCO,

Defendants.

_______________________________/

Case No. 00-13748 CA 22
Judge Kaye

ORDER GRANTING PLAINTIFF'S SECOND EX PARTE MOTION FOR EXTENSION OF TIME FOR REASONABLE TIME TO COMPLETE PROCESS

DEC 14 2000
CITY A...
OFFICE

THIS CAUSE, having come on to be heard upon Plaintiff's Second Ex Parte Motion for Extension Of Time For Reasonable Time To Complete Process, and the

ATTACHMENT / EXHIBIT 6

Court having been apprised of the premises it is hereby

ORDERED AND ADJUDGED

Plaintiff's motion is hereby GRANTED, and Plaintiff shall have an additional thirty (30) days to locate and effect service of process upon all the Defendants in the instant case.

DEC 1 2 2000

DONE AND ORDERED in Chambers at Miami, Florida, on this the ___ day of __________, 2000.

MICHAEL A. GENDEN

CIRCUIT COURT JUDGE

*Copies provided to:*
Rhonda A. Anderson, Esq.
Elizabeth Hernandez, City Attorney
Toyota Of Homestead, Inc.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ALEJANDRO CORREA,

Plaintiff,

vs.

The following persons both individually and in their official capacities: MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA, INC.; BILL USSERY MOTORS, INC.; TOYOTA OF HOMESTEAD, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; AND JOE TODISCO,

Defendants.

Case No. 00-13748 CA 22
*Judge Kaye*

**SECOND *EX PARTE* MOTION FOR EXTENSION OF TIME FOR REASONABLE TIME TO COMPLETE PROCESS**

DEC 04 2000
CITY ... OFFICE

THE PLAINTIFF, **ALEJANDRO CORREA**, by and through undersigned counsel, hereby requests this Court additional time to effect service of all the Defendants in the instant case, and in support thereof the Plaintiff states as follows:

1. Prior counsel for the Plaintiff, ALEJANDRO CORREA, Chris Livingston, Esq., retained Eddie Miranda to serve process on all the defendants. Mr. Miranda's maintains an office at 13800 S.W. 8th Street, Suite 260, Miami, Florida 33184.

2. Prior counsel filed the Complaint in this cause on June 1, 2000. On September 28, 2000, the Plaintiff retained undersigned counsel to represent, and on

that date, the undersigned's office contacted the process server, Mr. Miranda, to determine if all the defendants had been served. At that time, Mr. Miranda stated that he *served* the following defendants: TOYOTA OF HOMESTEAD, INC.; CITY OF CORAL GABLES, and CITY OF CORAL GABLES POLICE DEPARTMENT. As a result, on September 28, 2000, the undersigned filed an *ex parte* motion to extend time for service of process in order to afford Mr. Miranda additional time to serve the remaining defendants, which this Court granted.

3. Undersigned counsel's and the Plaintiff, CORREA, periodically called Mr. Miranda to assess the progress of service. When the Plaintiff requested an up-date on October 23, 2000, Mr. Miranda advised that he had only one defendant left to serve. Thereafter, the undersigned's paralegal, Martha Merlo, checked with the Clerk's Office and determined that no proof of service was filed, and requested Mr. Miranda to file the original proofs of service with the Clerk and send copies to the undersigned.

4. After not having received a copy of the proof of service, Ms. Merlo called Mr. Miranda on numerous occasions and he reassured her that everyone had been served, that his office was just backed up on the paperwork, and his office would send copy of the proof of service as soon as possible.

5. On November 29, 2000, Plaintiff's sister contacted Ms. Merlo and stated that Mr. Miranda told her that all the proof of services were filed with the Court and the copies were being forward to the undersigned's office.

6. However, when the undersigned's paralegal, Ms. Merlo, called the Clerk of the Court on November 30, 2000 to verify that the proofs of service were indeed filed, the Clerk advised her that no proofs of service had been filed.

Ms. Merlo then attempted to contact Mr. Miranda on his cell phone, but was unable to do so until she blocked the law firm number from appearing on a Caller ID. When Ms. Merlo questioned Mr. Miranda regarding why the proofs of service were not filed, he claimed that he could not talk because he was at the Federal Courthouse. He then stated there must be a "mistake," because the proofs of services were "filed" with the Clerk. He also advised Ms. Merlo that he would call her back confirming same, but he never called back.

7. As a result, undersigned counsel has retained a new process server to "re-serve" the defendants herein, and, therefore, respectfully requests and an additional thirty (30) days (from December 1, 2000) to locate and effect service of process upon all the Defendants in the instant case.

WHEREFORE, the Plaintiff, ALEJANDRO CORREA, moves this Court for an additional thirty (30) days to effect service of process upon all the Defendants in the instant case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was delivered this 1st day of December, 2000 to: ***Elizabeth Hernandez, City Attorney, City of Coral Gables,*** 405 Biltmore Way, Coral Gables, Florida 33134; ***Toyota Of Homestead, Inc.,*** 29330 South Dixie Highway, Miami, Florida.

RHONDA A. ANDERSON, P.A.
2222 Ponce De Leon Boulevard
Suite 500
Coral Gables, Florida 33134
Telephone: (305) 444-1400
Facsimile: (305) 444-1487

By: ______________________
RHONDA A. ANDERSON, ESQ.
Florida Bar No. 708038

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**ALEJANDRO CORREA,**

**Plaintiff,**

**vs.**

**The following persons both individually and in their official capacities: MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA, INC.; BILL USSERY MOTORS, INC.; TOYOTA OF HOMESTEAD, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; and JOE TODISCO,**

**Defendants.**

________________________________/

**Case No. 00-13748 CA 22**
**Judge Kaye**

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME FOR REASONABLE TIME TO COMPLETE PROCESS**

00 OCT -6 AM 9:57
CLERK CIRCUIT & COUNTY COURTS
DADE COUNTY, FLA.
CIVIL #99

THIS CAUSE, having come on to be heard upon Plaintiff's Motion for Extension Of Time For Reasonable Time To Complete Process, and the Court having

ATTACHMENT / EXHIBIT F

been apprised of the premises it is hereby

ORDERED AND ADJUDGED

Plaintiff's motion is hereby GRANTED, and Plaintiff shall have an additional sixty (60) days to locate and effect service of process upon Defendants, MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USSERY MOTORS, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD, and JOE TODISCO.

DONE AND ORDERED in Chambers at Miami, Florida, on this the 5 day of Oct, 2000.

CIRCUIT COURT JUDGE

*Copies provided to:*
Rhonda A. Anderson, Esq.
Elizabeth Hernandez, City Attorney
Toyota Of Homestead, Inc.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**ALEJANDRO CORREA,**

**Plaintiff,**

**Case No. 00-13748 CA 22**
**Judge Kaye**

**vs.**

**The following persons both individually and in their official capacities: MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA, INC.; BILL USSERY MOTORS, INC.; TOYOTA OF HOMESTEAD, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; and JOE TODISCO,**

**Defendants.**

_______________________________/

THE ORIGINAL FILED
ON SEP 2 8 2000
IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

## EX PARTE MOTION FOR EXTENSION OF TIME FOR REASONABLE TIME TO COMPLETE PROCESS

THE PLAINTIFF, **ALEJANDRO CORREA**, by and through undersigned counsel, hereby requests this Court additional time to effect service of Defendants,

ATTACHMENT / EXHIBIT 3

MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USSERY MOTORS, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD, and JOE TODISCO, and in support thereof the Plaintiff states as follows:

1. Undersigned counsel was retained today to represent the Plaintiff in the above-styled cause. The Plaintiff, ALEJANDRO CORREA has informed the undersigned that prior counsel has moved to Atlanta, Georgia and longer wishes to represent Plaintiff.

2. The Complaint was filed on June 1, 2000, and the time for service of process expires on September 28, 2000. As a result, the undersigned has only been able to serve Defendant, TOYOTA OF HOMESTEAD, INC.; CITY OF CORAL GABLES, and CITY OF CORAL GABLES POLICE DEPARTMENT.

3. Therefore, Plaintiff needs an additional sixty (60) days (from September 28, 2000) to locate and effect service of process upon the Defendants who have not yet been served.

WHEREFORE, the Plaintiff, ALEJANDRO CORREA, moves this Court for an additional sixty (60) days to effect service of process upon Defendants, MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USSERY MOTORS, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD, and JOE TODISCO.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was delivered this 28th day of September, 2000 to: ***Elizabeth Hernandez, City Attorney, City of Coral Gables,*** 405 Biltmore Way, Coral Gables, Florida 33134; ***Toyota Of Homestead, Inc.,*** 29330 South Dixie Highway, Miami, Florida.

RHONDA A. ANDERSON, P.A.
2222 Ponce De Leon Boulevard
Suite 500
Coral Gables, Florida 33134
Telephone: (305) 444-1400
Facsimile: (305) 444-1487

By: ______________________
RHONDA A. ANDERSON, ESQ.
Florida Bar No.708038

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**ALEJANDRO CORREA,**

**Plaintiff,**

**Case No. 00-13748 CA 22**
**Judge Kaye**

**vs.**

**The following persons both individually and in their official capacities: MERCEDES BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA, INC.; BILL USSERY MOTORS, INC.; TOYOTA OF HOMESTEAD, INC.; AVANTI POWERBOATS, INC.; ALL COUNTY RESEARCH & RECOVERY INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; RICARDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; and JOE TODISCO,**

**Defendants.**

_______________________________/

THE ORIGINAL FILED ON SEP 2 8 2000 IN THE OFFICE OF CIRCUIT COURT DADE CO. FL

**NOTICE OF APPEARANCE AS COUNSEL FOR PLAINTIFF, ALEJANDRO CORREA**

RHONDA A. ANDERSON, ESQ., hereby enters her appearance as counsel on behalf of the Defendant, ALEJANDRO CORREA, in the above-styled cause, and

ATTACHMENT / EXHIBIT 2

requests that copies of all pleadings, notices, motions, orders, or any other document filed in this cause be sent to her.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was delivered this 28th day of September, 2000 to: ***Elizabeth Hernandez, City Attorney, City of Coral Gables,*** 405 Biltmore Way, Coral Gables, Florida 33134; ***Toyota Of Homestead, Inc.,*** 29330 South Dixie Highway, Miami, Florida.

RHONDA A. ANDERSON, P.A.
2222 Ponce De Leon Boulevard
Suite 500
Coral Gables, Florida 33134
Telephone: (305) 444-1400
Facsimile: (305) 444-1487

By: ______________________
RHONDA A. ANDERSON, ESQ.
Florida Bar No.708038

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
GENERAL JURISDICTION DIVISION

| | |
|---|---|
| Alejandro CORREA, *Plaintiff* | 00-13748 CA22 |
| v. | |
| The following persons both individually and in their official capacities: | 176 ∅ ESS #4797 28.00 x Defts |
| Mercedes-Benz Credit Corporation; Mercedes-Benz of North America Inc.; Bill Ussery Motors Inc.; Toyota of Homestead Inc.; Avanti Powerboats Inc.; All County Research & Recovery Inc.; The City of Coral Gables; Coral Gables Police Department; Francisco AVILA; Joe CARRILLO; Robert DUARTE; Arturo HERNANDEZ; Detective Corey PARK, CGPD; Jorge RODRIGUEZ; Reynaldo RODRIGUEZ; Ricardo RODRIGUEZ; Luis SOTERO; Bill SHEPHERD; and, Joe TODISCO, *Defendants* | 00 JUN -1 PM 3:02 |

## COMPLAINT

COMES NOW the Plaintiff, Alejandro CORREA, and by and through the undersigned for his complaint against the Defendants makes as follows:

*JURISDICTION AND VENUE*

1. This is an action for damages in excess of $15,000, within the jurisdictional amount of this Court.

ATTACHMENT / EXHIBIT 1

2. This is an action under the laws of Florida and 42 U.S.C. § 1983, within the subject matter jurisdiction of this Court.

3. One or more Defendants resides or has his chief place of business within Miami-Dade County, and also a substantial part of the events or omissions complained of occurred within Miami-Dade County, such that venue lies in the Eleventh Judicial Circuit of Florida.

4. All conditions precedent to the commencement and maintenance of this action have occurred or been performed.

*THE PARTIES*

5. Plaintiff Alejandro CORREA is an adult resident of the State of Florida and of Miami-Dade County.

6. All corporate Defendants are either organized under the laws of Florida or are foreign corporations lawfully admitted to do business in Florida.

7. All Defendant bodies politic and their agencies, officials, employees, and agents have their headquarters and/or offices for the regular transaction of business within Miami-Dade County.

8. All Defendants who are natural persons are, or were at all times relevant, adult residents of the State of Florida and of Miami-Dade County.

*THE FACTS*

9. On or about 28 May 1997, AVILA and SOTERO arrived at Bill Ussery Motors to attempt to buy or lease an automobile.

10. AVILA identified himself as Richard Lumpkin and at some point produced a false Florida driver license in that name, and with all other correct information pertaining to Mr. Lumpkin, but with AVILA'S photograph on it.

11. In fact, Richard Lumpkin was and is a Member in Good Standing of The Florida Bar and is an employee or partner at a well-known firm in the Miami area, but suffered the misfortune of having his driver license stolen or mislaid, whereafter it found its way to AVILA.

12. RODRIGUEZ, who was at the time a salesman employed by Bill Ussery, took AVILA'S credit application for a Mercedes-Benz C-36, VIN WDBHM36EXTF341319, leased in the name of Mr. Lumpkin.

13. This application was addressed to Mercedes-Benz Credit Corporation.

14. RODRIGUEZ escorted AVILA to TODISCO, the finance manager of Bill Ussery, and AVILA signed the application, as well as the buyer's order, insurance, and temporary tag papers, in TODISCO'S presence.

15. All the while, AVILA knowingly was fraudulently using the identity of Mr. Lumpkin, who had such excellent credit that the deal was swiftly approved.

16. AVILA took delivery of the C-36 and drove away in it the same day.

17. On or about 03 June 1997, AVILA and possibly SOTERO returned to Bill Ussery, claiming they were so satisfied with the prior experience that they wished to buy or lease another vehicle.

18. Using the same stolen identity as before, and the same procedure with Mercedes-Benz Credit Corporation, RODRIGUEZ and TODISCO, AVILA purchased a 1996 Porsche 911, VIN WP0CA2990TS341866, and drove away in said 911.

19. AVILA paid the deposit or inception money with a MasterCard account number that he knew was not his and that he knew he did not have permission to use.

20. In fact, that MasterCard belonged to Andrew Horn, who like Mr. Lumpkin also happens to be a lawyer, and who had no knowledge that someone was wrongfully using his card until two mysterious charges, of $1,000.00 each, to Bill Ussery showed up on his statement, whereupon Mr. Horn had them removed.

21. Using the same stolen identity, AVILA and possibly SOTERO arrived at Avanti Powerboats Inc. on or about 11 June 1997 to lease or purchase a boat.

22. AVILA filled out a loan application in the presence of DUARTE, Avanti's finance director, for a loan (net of down payment) of $66, 773.10.

23. The lending financial institution approved the loan within 48 hours on Mr. Lumpkin's credit.

24. AVILA and possibly SOTERO took delivery of the boat, a 1998 Avanti 31 OF hull number ERQ312076798, with two Mercury 250 outboard engines serial numbers OG351707 and OG331657, and the boat has not been seen since.

25. Neither AVILA nor SOTERO nor anyone else ever made payments on the boat, such that under the terms of their financing agreement with the lending institution, Avanti Powerboats has to pay for the boat, and Avanti Powerboats has been unable to locate the boat or repossess it.

26. Toyota of Homestead also charged CORREA falsely with using a different Social Security number to purchase a T-100 pickup truck under his name, when in fact it was the dealership manager and personnel who, in order to not have to ask CORREA to return

his newly purchased vehicle and return CORREA his down payment, substituted a different SSN without CORREA'S knowledge.

27. In the criminal investigation that followed, PARK for no good reason suspected CORREA in the misdeeds above, closing his eyes to the facts.

28. During his investigation PARK was contacted by All County Research & Recovery, whom Mercedes-Benz of North America and Mercedes-Benz Credit Corporation.

29. CARRILLO, employee or officer of All County Research & Recovery, informed PARK of a possible connection between SOTERO and CORREA.

30. However, that connection had no basis in fact, because PARK purposely overlooked that CORREA'S past lease of a Mercedes-Benz under his mother's name had no modus operandi in common with the present case of using a false and fictitious driver license and SSN to buy cars and boats.

31. Additionally, the Luis Navarro listed on CORREA'S mother's application was not Luis SOTERO as PARK purposely in total disregard of CORREA'S constitutional rights alleged in order to support the charges against CORREA.

32. Moreover, CORREA made payments on the Mercedes-Benz leased under his mother's name, whereas SOTERO and AVILA never made payments on any of the cars or boat leased or purchased.

33. PARK obtained a photocopy of the false driver license from Bill Ussery, who as a matter of course photocopies identification that potential purchasers produce.

34. The photocopy picture bears absolutely no resemblance to CORREA other than that the photograph's subject is Latino (male of Hispanic origin).

35. PARK had the means of determining that CORREA was either in Mexico or was in Krome Detention Center awaiting deportation on the days in question, but deliberately decided not to explore any reasonable theories of innocence.

36. DUARTE, RODRIGUEZ, and TODISCO each spent hours with AVILA and knew what he looked like.

37. Nevertheless, PARK, DUARTE, and TODISCO all identified the fraudulent identification user, unreasonably and manifestly incorrectly, as CORREA instead of AVILA.

38. PARK was at the time a detective of the Coral Gables Police Department, such that he was acting under color of state law.

39. PARK'S actions amounted to a deprivation of CORREA'S constitutional right to be free from cruel and unusual punishment and right not to be deprived of liberty without due process of law.

40. The City of Coral Gables and the Coral Gables Police Department have, or had at the time, the policy or custom of depriving persons of their civil rights in a manner similar to CORREA'S case in order to claim they were arresting more suspects and solving more crimes.

41. CORREA is 6 feet tall, is of slender build, and weighs no more than 200 pounds.

42. PARK and CARRILLO therefore knew CORREA did not fit the physical description of AVILA who is 5'8" to 5'10" and 170 pounds with big nostrils.

43. Notwithstanding all of the foregoing, PARK arrested CORREA without probable cause and charged him with numerous offenses, also without probable cause, even though CORREA continuously claimed his innocence.

44. Mercedes-Benz Credit Corporation hired All County Research & Recovery Inc. to attempt to recover the 911 and possibly the C-36.

45. SOTERO by unknown means learned of the recovery attempt and who was undertaking it.

46. CARRILLO, employee or officer of All County Research & Recovery, received 2 phone calls on or about 02 August 1997 from someone claiming to be "Alex" who stated that CARRILLO would never find the 911, or the caller.

47. The caller threatened CARRILLO'S life during one or both calls.

48. CARRILLO incorrectly and unreasonably assumed the caller to be CORREA.

49. CARRILLO the same day wrote to Ray Rodriguez Esq., who CARRILLO knew was representing SOTERO, and published to Mr. Rodriguez that "Alex" had made a death threat, such that Mr. Rodriguez could not have reasonably inferred that "Alex" was anyone other than CORREA.

50. CARRILLO also filed a police report charging CORREA with threatening to kill him.

51. SHEPHERD, who is an Assistant State Attorney of the Eleventh Judicial Circuit, swore out a knowingly false affidavit, or unreasonably relied on false information, that CORREA had committed crimes in order to prosecute him.

52. Among the false information relied on was the claim of Ricardo RODRIGUEZ and Jorge RODRIGUEZ that Ricardo RODRIGUEZ had acted as a bondsman to get CORREA out of jail, even though SHEPHERD knew that Ricardo RODRIGUEZ was a convicted felon and could not possibly have been a bondsman.

53. After a full and fair investigation, all criminal charges against CORREA relating to the foregoing incidents were dropped, dismissed, nolle-prossed, or otherwise not proceeded with, on grounds that CORREA was innocent of them.

*COUNT I: VIOLATION OF CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS*

The facts as pleaded above establish that as many Defendants as were acting under color of state law did conspire to willfully and wantonly deprive the Plaintiff of his federal constitutional rights to be free of cruel and unusual punishment and not to be deprived of his liberty without due process of law, as expressed in the Eighth Amendment and made applicable to the several States through the Fourteenth Amendment, and is thereby entitled to money damages under 42 U.S.C. § 1983 and reasonable attorney fees actually and necessarily expended to recover the same as 42 U.S.C. § 1988 and other provisions of law may authorize, all jointly and severally from such Defendants.

*COUNT III: FALSE IMPRISONMENT*

The facts as pleaded above establish that each and every Defendant did willfully and wantonly imprison the Plaintiff falsely, or cause the Plaintiff to be imprisoned falsely, in the Miami-Dade County Department of Corrections, such that the Defendants are jointly and severally liable for money damages.

*COUNT IV: DEFAMATION PER SE, SLANDER, AND LIBEL*

The facts as pleaded above establish that each and every Defendant did willfully, wantonly, maliciously, and knowingly publish to one or more third persons materially false charges that the Plaintiff had committed one or more crimes of moral turpitude, including but not limited to: grand theft motor vehicle, fraud, stalking, aggravated stalking, assault, criminal mischief, and use of a false driver license, such that the Defendants are jointly and severally liable for money damages.

*DEMAND FOR JUDGMENT*

WHEREFORE the Plaintiff, Alejandro CORREA, deems himself entitled to compensatory damages from the Defendants in their individual capacities of more than $15,000.00 (fifteen thousand dollars) on each count, and punitive damages from the Defendants in their individual capacities in an amount sufficient to punish the Defendants for past wrongdoing and deter others from the same conduct in the future, and an injunction forbidding all Defendants in their official capacities from ever again violating the Plaintiff's civil rights, on pain of contempt of court; and, such other and further relief as this honorable Court deems just and appropriate.

*DEMAND BY INDORSEMENT FOR JURY TRIAL*

The Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

CHRIS LIVINGSTON Esq., Counsel for the Plaintiff
Fla. Bar No. 134899
1525 NE 125th St, Suite 208
North Miami, Florida 33161
Phone/fax: (305) 981-0500
Cell: (305) 989-4446
Email: chrisatty@hotmail.com

Form 1.997

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

## I. CASE STYLE

(Name of Court) 11th Judicial Circuit of Florida

Plaintiff Alex CORREA

Case #: 00-13748 CA22

Judge:

vs.

Defendant Mercedes-Benz Credit Corp.
Mercedes-Benz of North America
AND OTHERS

00 JUN -1 PM 3:02
CLERK ... DADE CO... CIVIL

YVONNE LOPEZ

## II. TYPE OF CASE (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☒ Other negligence | ☐ Eminent domain |
| ☐ URESA - IV-D | | ☐ Other |
| ☐ URESA - Non IV-D | | |
| ☐ Domestic violence | | |
| ☐ Other domestic relations | | |

## III. Is Jury Trial Demanded in Complaint?

☒ Yes

☐ No

Date 01 June 2000

Chris Livingston [signature] 134899

SIGNATURE FOR ATTORNEY FOR PARTY INITIATING ACTION

# CIVIL COVER SHEET

01-0266

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

CIV - HUCK

MAGISTRATE JUDGE BROWN

**I(a) PLAINTIFFS**

ALEJANDRO CORREA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Miami-Dade County, Florida

A:Docket:01CV266HUCK|STB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Chris Livington Tel: 910-592-3197
Parker & Livingston
P.O. Box 1089, Clinton, North Carolina 28329-1089

Rhonda A. Anderson Tel: 305-444-1400
2222 Ponce de Leon Blvd., Ste. 500, Coral Gables, FL 33134

**DEFENDANTS**

MERCEDES-BENZ CREDIT CORPORATION ET AL

(See attached case style for all named defendants)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

ATTORNEYS (IF KNOWN)

**For Defendant Coral Gables and Det. Corey Park:**
**Michael Fertig**
**Jennifer L. Cohen**
**AKERMAN, SENTERFITT & EIDSON**
**1 S.E. 3rd Ave, 28th floor, Miami, FL 33131 (305) 374-5600**
**See attached service list for additional names of counsel**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**

**(DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS**

**II. BASIS OF JURISDICTION**

(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- X 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated and Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION 42 USC § 1983 (CITE THE U.S. STATUTE WHICH UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

The complaint alleges violations of 42 USC §1983, false imprisonment, and defamation, slander and libel.

**IVa. 3 - 5 days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**A CONTACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions*

* A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- X 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus and Other*
- ☐ 550 Civil Rights

* A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ Original Proceeding
- X Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Refiled
- ☐ Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 **CLASS ACTION** **DEMAND $**

☐ Check YES only if demanded in complaint **JURY DEMAND:** X YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions JUDGE________ JUDGE________

DATE 1/19/01 SIGNATURE OF ATTORNEY OF RECORD Jennifer L. Cohen
Michael Fertig, FBN 358754 and Jennifer L. Cohen, FBN 123145

#150.00 835073
01/19/01

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** County of Residence. for each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

**(c)** Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place and "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 and 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suits, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Refiled. (4) Check this box for cases refiled in the district court. Attach copy of order.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALEJANDRO CORREA,

Plaintiff,

vs.

MERCEDES-BENZ CREDIT CORPORATION; MERCEDES-BENZ OF NORTH AMERICA INC.; BILL USSERY MOTORS INC.; TOYOTA OF HOMESTEAD INC.; AVANTI POWERBOATS INC.; THE CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; FRANCISCO AVILA; JOE CARRILLO; ROBERT DUARTE; ARTURO HERNANDEZ; DETECTIVE COREY PARK, CGPD; JORGE RODRIGUEZ; REYNALDO RODRIGUEZ; LUIS SOTERO; BILL SHEPHERD; AND JOE TODISCO,

Defendants.
_______________________________/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of January, 2001 to: **Chris Livingston, Esq.,** Parker & Livingston, 200 W. Main Street, P.O. Box 1089, Clinton, North Carolina, 28329-1089; **Rhonda A. Anderson, Esq.**, Rhonda A. Anderson, P.A., 2222 Ponce de Leon Blvd., Ste. 500, Coral Gables, Florida 33134; **Erik Christu, Esq. and Devon Coughlan, Esq.**, Elk, Bankier & Christu, 4800 No. Federal Highway, Ste. 200E, Boca Raton, Florida 33431; **Lewis Jack, Esq.**, Josephs Jack & Gaebe, P.A., P.O. Box 330519, Miami, Florida 33233-0519, and **Harry Raleigh, Esq.**, Niles, Dobbins, Meeks, Raleigh & Dover, P.O. Box 11799, Fort Lauderdale, Florida 33339-1799.

By:______________________
Attorney